ROBERTO MERCADO CINTRÓN, demandante y recurrente, *v.* ZETA COMMUNICATIONS, INC., demandada y recurrida.

*Número:* CE-93-799          *Resuelto:* 7 de abril de 1994

*Héctor Torres Jorge*, abogado del demandante y recurrente; *José Javier Santos Mimoso*, de *Látimer, Biaggi, Rachid, Rodríguez Suris & Godreau*, abogado del demandado y recurrido.

EL JUEZ ASOCIADO SEÑOR FUSTER BERLINGERI emitió la opinión del Tribunal.

Tenemos otra vez ante nos la ocasión para interpretar y aplicar las disposiciones de la Ley Núm. 2 de 17 de octubre de 1961 que establece un procedimiento judicial *sumario* para casos de reclamaciones de salarios. En particular, nos toca aclarar y precisar qué constituye causa justificada para prorrogar el término dentro del cual debe contestarse una querella, y resolver si el no haber especificado el monto total de la indemnización reclamada en una querella es motivo suficiente para demorar la contestación de la misma.

I

. El 2 de septiembre de 1993 Roberto Mercado Cintrón presentó una querella, al amparo del procedimiento establecido por la Ley Núm. 2 de 17 de octubre de 1961 (32 L.P.R.A. sec. 3118 *et seq.*), ante el Tribunal Superior de Puerto Rico, Sala de Bayamón. En esencia, alegaba en dicha querella que había trabajado para la querellada desde el 15 de noviembre de 1990 hasta el 1ro de julio de 1993; que sus servicios habían sido contratados sin especificar un

límite de tiempo; que en su último año su sueldo había sido de $1,082 mensuales; que había sido despedido injustificadamente, y que, mientras estuvo empleado por la querellada, no se le permitió tomar su hora de almuerzo, y tuvo que trabajar dos horas extras al día sin recibir paga. El querellante solicitó del tribunal que condenase a la parte querellada a satisfacerle "las sumas reclamadas" y honorarios de abogado. Petición de *certiorari, Exhibit* X, pág. 18. *La querella no incluía expresamente una cantidad específica como monto total de la indemnización reclamada.*

La querellada, Zeta Communications, Inc., cuyas oficinas radican en Guaynabo, Puerto Rico, fue debidamente emplazada el 15 de septiembre de 1993. El emplazamiento expresamente indicaba que la querella se había radicado en su contra al amparo de la Ley Núm. 2, *supra*, y apercibía a la querellada emplazada que debía contestar la querella dentro de diez días de notificada, y que si no lo hacía, se dictaría sentencia en su contra sin más citarle ni oírle.

Transcurridos más de los diez días que fija la Sec. 3 de la Ley Núm. 2, *supra*, 32 L.P.R.A. sec. 3120, para contestar la querella sin que la querellada hubiese contestado, el 28 de septiembre de 1993 Mercado solicitó del tribunal de instancia que dictara una sentencia en rebeldía contra la querellada por no haber ésta contestado dentro del término exigido por ley. *En dicha solicitud, el querellante además presentó un cómputo preciso de las alegadas horas extras y de almuerzo no compensadas, y concretizó su reclamación previa en un total de $25,017.80.*

El 18 de octubre de 1993, treinta y tres días después de haber sido emplazada, la querellada presentó su contestación a la querella, *sin haber solicitado prórroga alguna respecto al término para contestar ni haber jurado motivos justificativos de su tardanza, ambos elementos requeridos por la referida Sec. 3 de la Ley Núm. 2.* En dicha contestación, en esencia, la querellada negaba que Mercado hubiese trabajado horas extras sin paga; negaba que no se le

hubiese permitido tomar su hora de almuerzo, y alegaba que el despido fue justificado porque supuestamente el querellante no rendía un servicio eficiente y violaba las reglas de la empresa. La querellada también alegó que el tribunal de instancia carecía de jurisdicción sobre la materia, sin explicar de modo alguno el fundamento para esa alegación. Finalmente, la querellada alegó que se reservaba el derecho de enmendar su contestación conforme a lo que resultase del descubrimiento de prueba.

El 21 de octubre de 1993 el querellante compareció ante el tribunal de instancia para oponerse a que se aceptara la contestación tardía a la querella y solicitar otra vez que se dictara una sentencia en rebeldía. El tribunal, mediante orden notificada el 3 de noviembre de 1993, le concedió quince días a la querellada para reaccionar a la referida oposición del querellante. La querellada formuló su reacción por escrito el 18 de noviembre de 1993. En este escrito *no justificó su tardanza en contestar la querella.* No dio razones que demostraran que tuvo causa justificada para su demora, como lo requiere la Sec. 3 de la Ley Núm. 2, *supra.* Sencillamente se limitó a reiterar que tenía defensas válidas contra la querella, como las esbozadas en su contestación tardía, y otras nuevas que presentó por primera vez en este escrito; y a alegar que conforme a la jurisprudencia aplicable "no todos los casos radicados conforme a la Ley Núm. 2 ... son iguales [pues] un determinado caso puede requerir tratamiento distinto al que se le haya dado a otro caso". (Énfasis suprimido.) Petición de *certiorari, Exhibit* VI, pág. 8.

Así las cosas, el foro de instancia celebró una vista de seguimiento con los abogados de las partes el 7 de diciembre de 1993 y allí resolvió la solicitud pendiente del querellante. Denegó la anotación de rebeldía y aceptó la contestación tardía que había presentado la querellada. El tribunal no hizo constar las razones que tuvo para resolver

como lo hizo. Señaló una conferencia con antelación al juicio para el 24 de enero de 1994.

El 29 de diciembre de 1993 el querellante acudió ante nos mediante una petición de *certiorari*. Planteó que el foro de instancia había errado al permitir la presentación de la contestación a su querella fuera del término establecido por la Ley Núm. 2, *supra*. El 3 de enero de 1994 nos pidió, además, que paralizáramos los procedimientos ante el foro de instancia hasta tanto resolviéramos la petición de *certiorari*. El 5 de enero de 1994, en auxilio de nuestra jurisdicción, ordenamos la paralización de los procedimientos en el Tribunal Superior. Además, le concedimos un término de quince días a la querellada recurrida para mostrar causa, si alguna tuviere, por la cual no debíamos revocar las determinaciones de instancia de 7 de diciembre de 1993. El 26 de enero de 1994 la querellada finalmente compareció contestando nuestra orden anterior.([1])

## II

Es menester que comencemos el análisis del asunto ante nos reiterando una vez más las normas aplicables a casos como el de marras. El punto de partida es el procedimiento sumario establecido por la Ley Núm. 2, según enmendada, *supra*, que en su Sec. 3 dispone:

> El secretario del tribunal notificará a la parte querellada con copia de la querella, apercibiéndole que deberá radicar su contestación por escrito, con constancia de haber servido copia de la misma al abogado de la parte querellante o a ésta si hubiere comparecido por derecho propio, *dentro de diez (10) días des-*

---

[1] Antes de esa fecha la querellada había comparecido ante nos. Alegó que no teníamos jurisdicción para considerar el recurso de *certiorari* porque no había sido notificada a tiempo de la presentación de dicho recurso. Sin embargo, el querellante ha contestado este planteamiento satisfactoriamente. Nos acompañó prueba de que la copia del recurso se envió a tiempo por correo certificado a la dirección conocida del representante legal de la querellada, pero que la correspondencia fue devuelta por el correo por no haber sido reclamada por su destinatario.

*pués de la notificación*, si ésta se hiciere en el distrito judicial en que se promueve la acción, y dentro de quince (15) días en los demás casos, y apercibiéndole, además, que si así no lo hiciere, se dictará sentencia en su contra, concediendo el remedio solicitado, sin más citarle ni oírle. *Solamente a moción de la parte querellada, la cual deberá notificarse al abogado de la parte querellante o a ésta si compareciere por derecho propio, en que se expongan bajo juramento los motivos para que ello tuviere la parte querellada, podrá el juez, si de la faz de la moción encontrara causa justificada*, prorrogar el término para contestar. *En ningún otro caso tendrá jurisdicción el tribunal para conceder esa prórroga.* (Énfasis suplido.)

▆▆▆▆ Repetidamente hemos enfatizado que "[*l*]*a esencia y médula del trámite fijado para casos sobre reclamaciones de salarios* consagrado en la Ley Núm. 2 del 17 de octubre de 1961 ... *constituye el procesamiento sumario y su rápida disposición*". (Énfasis suplido.) *Díaz v. Hotel Miramar Corp.*, 103 D.P.R. 314, 316 (1975). Véanse: *Resto Maldonado v. Galarza Rosario*, 117 D.P.R. 458 (1986); *Srio. del Trabajo v. J.C. Penney Co., Inc.*, 119 D.P.R. 660 (1987). Una y otra vez hemos insistido en que todos los tribunales tenemos la *obligación* de darle vigencia al *claro mandato legislativo* plasmado en la citada Ley Núm. 2 de *diligencia y prontitud en la tramitación judicial de las reclamaciones laborales.*[2] El hecho de que en ocasiones las circunstancias especiales de algún caso particular requieran alguna flexibilidad en la aplicación de la Ley Núm. 2, *supra*, como lo reconocimos en *Román Cruz v. Díaz Rifas*, 113 D.P.R. 500 (1982), de ningún modo nos da carta blanca para soslayar en cualquier caso el inequívoco y mandatorio precepto de rapidez en el trámite judicial estatuido en dicha ley. De ordinario, no tenemos otra alternativa que no sea la rigurosa aplicación de los términos taxativos de la Ley Núm. 2, *supra*. Sólo en casos excepcionales, cuando median circunstancias especiales, podemos ser más flexibles.

---

[2] También hemos resuelto que el procedimiento sumario establecido por la Ley Núm. 2 de 17 de octubre de 1961 (32 L.P.R.A. sec. 3118 *et seq.*) no tiene defectos constitucionales. *Landrum Mills Corp. v. Tribunal Superior*, 92 D.P.R. 689 (1965).

El recurrente alega que al nivel de instancia en los tribunales del país impera una situación de "anarquía judicial" respecto a los casos de reclamaciones laborales presentados al amparo de la citada Ley Núm. 2. No tenemos todos los elementos de juicio necesarios para decidir si es veraz esta grave imputación, que ciertamente tiene visos de hipérbole. Notamos que últimamente se han incrementado los recursos y las mociones en auxilio de nuestra jurisdicción que plantean violaciones al esquema procesal especial de la Ley Núm. 2, *supra,* por lo que creemos menester reafirmar palmariamente el deber que de ordinario tienen todos los tribunales del país de darle estricto cumplimiento al procedimiento sumario de dicha ley.

## III

Al aplicar los preceptos antes reseñados a los hechos de este caso, comenzamos por señalar que el tribunal de instancia no le dio estricto cumplimiento a las disposiciones de la referida Ley Núm. 2 que son pertinentes aquí. El foro a quo aceptó la contestación a la querella a pesar de que habían transcurrido ya mucho más de los diez días que dispone la ley para contestar. En segundo lugar, el foro de instancia prorrogó el referido término sin que la parte querellada hubiese presentado previamente una moción de prórroga, debidamente notificada al querellante, como exige la Ley Núm. 2, *supra.* Finalmente, la querellada no expuso bajo juramento los motivos que justificaban su dilación, como expresamente lo requiere la ley. De hecho, ni el propio tribunal al aceptar la contestación tardía explicó sus razones para ello.

Todo este proceder del foro de instancia es altamente irregular y contraviene expresamente varios de los claros términos de la Sec. 3 de la citada Ley Núm. 2. En efecto, *el tribunal no tenía jurisdicción para actuar como lo hizo.* La referida sección dispone taxativamente cómo y

cuándo se puede prorrogar el término de diez días y expresamente ordena que *"[e]n ningún otro caso tendrá jurisdicción el tribunal para conceder esa prórroga"*. (Énfasis suplido.) 32 L.P.R.A. sec. 3120. Se trata de un mandato legislativo que de ordinario no está sujeto a la discreción de los tribunales.

Es menester señalar, además, que ni siquiera bajo la limitada excepción que reconocimos en *Román Cruz v. Díaz Rifas*, supra, podía el foro de instancia actuar como lo hizo aquí. El caso ante nos no presentaba un cuadro de circunstancias especiales que permitiesen aplicar con flexibilidad los rigurosos términos de la Ley Núm. 2, *supra*. En su escrito, contestando nuestra orden de mostrar causa, la querellada finalmente explica por qué el foro de instancia aceptó la contestación tardía a la querella. Nos indica que, en la vista celebrada el 7 de diciembre de 1993, la juez que presidió los procedimientos *inicialmente* se inclinó a sostener el planteamiento del querellante de que la contestación no era aceptable por estar fuera de término. Sin embargo, la juez luego cambió de parecer cuando la representación legal de la querellada le argumentó que la querella, según presentada inicialmente, no se podía contestar porque en ella *no se solicitaba un remedio concreto*. Según la querellada, los términos de la citada Ley Núm. 2 podían obviarse porque *la querella no especificaba la suma concreta de la indemnización reclamada*.

■ Este argumento de la querellada no es válido, y en modo alguno constituye la justa causa que requiere la Ley Núm. 2, *supra*, para que se pueda prorrogar el término estricto de diez días para contestar que dicha ley fija. No presenta tampoco las circunstancias especiales que permiten hacer una excepción a la ley conforme a *Román Cruz v. Díaz Rifas*, supra. Nótese, para comenzar, que las alegaciones en la querella, aunque inicialmente no especificaban una cantidad total concreta como reclamación, contenían, sin embargo, suficientes detalles para demostrar el dere-

cho y el remedio reclamados. Conocido es que en el procedimiento civil moderno las alegaciones sólo tienen un propósito: notificar a grandes rasgos cuáles son las reclamaciones de las partes. *Sierra v. Tribunal Superior,* 81 D.P.R. 554 (1959). Bajo la Regla 6 de Procedimiento Civil, 32 L.P.R.A. Ap. III, que son de aplicación aquí,[3] el remedio solicitado no tiene que seguir fórmulas técnicas y es adecuado si expone con suficiente claridad la reclamación que se interesa, sobre todo en vista de la liberalidad que hemos reconocido respecto a las alegaciones del querellante precisamente en casos de reclamaciones laborales. *Clemente v. Depto. de la Vivienda,* 114 D.P.R. 763 (1983); *Colón Gandía v. Tribunal Superior,* 93 D.P.R. 225 (1966). El remedio reclamado inicialmente, pues, era suficiente.

Más aún, el querellante, en su moción del 28 de septiembre de 1993 para solicitar una sentencia en rebeldía, especificó entonces la cantidad concreta que reclamaba como remedio. A pesar de ello, el querellado dejó pasar veinte días adicionales después de esta solicitud antes de contestar. Al momento en que se contestó la querella habían transcurrido treinta y tres días desde la fecha en que se había hecho el emplazamiento y veinte días desde el momento en que se comunicó la cuantía concreta; por lo tanto, el querellado estaba fuera de término para contestar. En vista de que no se contestó la querella, ni siquiera dentro de los diez días de conocer la cuantía concreta reclamada, no podía luego invocarse la supuesta insuficiencia en el remedio solicitado inicialmente para justificar su tardanza.

Finalmente, debe notarse que aun si fuera válida la alegación de que el remedio solicitado no era lo suficientemente concreto, ello no justificaba de modo alguno no contestar la querella a tiempo. Si hubiese habido un defecto en

---

[3] Por disposición de la propia Ley Núm. 2, *supra,* las Reglas de Procedimiento Civil aplican en estos casos en todo lo que no esté en conflicto con el procedimiento sumario. Véase 32 L.P.R.A. sec. 3120.

las alegaciones, ello podía ser quizás una defensa a invocarse en la contestación pero no una causa justificada para no contestar a tiempo, particularmente en un procedimiento de naturaleza sumaria donde la esencia del mismo es precisamente la pronta contestación de la querella. Una cosa es el contenido de la contestación y otra es el término para contestar.

Resolvemos, pues, que el no haber especificado en la querella el monto total de la indemnización reclamada, en circunstancias como las de este caso, no constituye motivo o causa alguna para justificar la demora en contestar la querella. Por los fundamentos antes expuestos, *se expide el recurso solicitado y se dicta sentencia para revocar las determinaciones de instancia del 7 de diciembre de 1993. Se devuelve el caso para que continúen los procedimientos expeditamente conforme a lo aquí resuelto.*

Los Jueces Asociados Señores Negrón García y Hernández Denton concurrieron sin opinión escrita.