# 2000 DTA 133

## TRIBUNAL DE CIRCUITO DE APELACIONES
## CIRCUITO REGIONAL DE SAN JUAN

TOMAS HUGGINS, EDWIN ARRIAGA, JOSE CALCAÑO, IRMA CASADO, EDGARDO FIGUEROA, JOSE GARCIA AQUINO, BENJAMIN GONZALEZ, MILAGROS GONZALEZ, WILLIAM DIAZ HERNANDEZ, CARLOS LOPEZ, PEDRO MALDONADO, ANDREA MARCANO, IRIS MARQUEZ, LUZ M. MEDINA, EFRAIN MERCED, FRANCISCO NARVAEZ, LYDIA NEGRON, THELMA SIMO ONDINA, MERCEDES ORTA, MARIA ORTIZ, JESUS OVIEDO, EDWIN RIVERA, IRIS RIVERA, NELSON RIVERA, MARITZA ROHENA, RAFAEL RODRIGUEZ, MANUEL ROUSE, BLANCA SANTANA, JOSE SANTIAGO, MARIA DE L. PEREZ, ANA SERRANO, DIONISIA TORRES, ORLANDO VARGAS, ANGEL VAZQUEZ, EDWARD VAZQUEZ, JULIA VERDEJO, JULIA VIGO, JULIO VILLARAN, REYNADO ORTIZ Y ENRIQUE RODRIGUEZ
Apelantes-Demandantes

v.

HOSPITAL PRESBITERIANO DE LA COMUNIDAD, INC.; D/B/A ASHFORD PRESBYTERIAN COMMUNITY HOSPITAL
Apelado-Demandado

Núm. KLAN-2000-00247

San Juan, Puerto Rico, a 6 de junio de 2000

Panel integrado por su Presidenta, la Juez Alfonso de Cumpiano, el Juez Aponte Jiménez y la Juez Feliciano Acevedo

Alfonso de Cumpiano, Juez Ponente

Se nos solicita la revocación de la sentencia del Tribunal de Primera Instancia, Sala de San Juan, mediante la cual, entre otros asuntos, se desestimó la reclamación laboral sobre despido injustificado de cuatro de los demandantes en este caso. La desestimación estuvo basada en su incomparecencia a una vista, bajo lo dispuesto en la sección 6 de la Ley Núm. 2 de 17 de octubre de 1961, según enmendada, 32 L.P.R.A. sec. 3123.

Los apelantes plantean que el tribunal de instancia erró al desestimar su reclamación por no comparecer a la vista del 30 de noviembre de 1999, toda vez que ese día no se celebró el acto del juicio, sino una vista transaccional, siendo inaplicable lo dispuesto por la sección 6 de la Ley Núm. 2, *supra*. Alegan que dicha disposición no puede aplicarse mecánicamente, sin tomar en cuenta el comportamiento de las partes durante los procedimientos habidos en el caso. Plantean, además, que erró el tribunal al desestimar la demanda cuando ellos expusieron razones legítimas para justificar su incomparecencia.

Por su parte, el Hospital Presbiteriano de la Comunidad, Inc. (Hospital Presbiteriano) alega, en esencia, que al desestimar las reclamaciones de los cuatro demandantes, el tribunal utilizó la discreción y facultad que le confiere la Ley Núm. 2, *supra*, y que el tribunal no venía obligado a permitirles mostrar causa justificando su incomparecencia al acto del juicio. Señalan, además, que el recurso adecuado es el de *certiorari* y no el de apelación.

Acogido como un *certiorari*, se expide el recurso y se revoca la sentencia en cuanto a la desestimación cuestionada, por los fundamentos más adelante expuestos.

**I**

El caso que nos ocupa se inició el 16 de mayo de 1996 con la presentación de una demanda por despido injustificado al amparo de la Ley Núm. 80 de 30 de mayo de 1976, según enmendada, 29 L.P.R.A. secs. 185 (a) - 185 (m). Esta demanda fue interpuesta por cuarenta (40) ex empleados del Hospital Presbiteriano; entre ellos, los cuatro apelantes. Se interpuso bajo el procedimiento especial de carácter sumario establecido en la Ley Núm. 2, *supra*.

Surge del expediente que durante el trámite del caso, el Hospital Presbiteriano incumplió con órdenes del tribunal, solicitó prórrogas y se demoró en contestar el interrogatorio y requerimiento de admisiones notificados por los demandantes. Lo anterior provocó que los señalamientos del caso se pospusieran en varias ocasiones.

El 24 de mayo de 1999, fecha en que fue señalado el inicio del juicio, las partes informaron al tribunal que se encontraban en conversaciones para llegar a un acuerdo. A solicitud del Hospital Presbiteriano, el tribunal señaló una vista transaccional para el 16 de noviembre, y el inicio del juicio para el 30 de noviembre de 1999.

Debido al paso del huracán Lenny por la isla, la mencionada vista transaccional no pudo llevarse a cabo el 16 de noviembre. Varios demandantes, incluyendo los aquí apelantes, no se enteraron de la suspensión y comparecieron al tribunal ese día. El 29 de noviembre, el tribunal informó a las partes por la vía telefónica que al día siguiente, 30 de noviembre de 1999, se celebraría la vista transaccional suspendida y de no llegarse a un acuerdo, ese mismo día daría inicio el juicio.

El 30 de noviembre, los representantes legales de las partes se reunieron en cámara con el juez de instancia para considerar la posibilidad de una transacción. Estaban presentes en sala veinte (20) de los cuarenta (40) demandantes. Los cuatro apelantes no asistieron. Durante las conversaciones, el Hospital Presbiteriano solicitó del juez que desestimara las reclamaciones de los demandantes que no asistieron ese día por incomparecencia al juicio, al amparo de la sección 6 de la Ley Núm. 2. El tribunal determinó que aunque se consideraba la posibilidad de una transacción, el señalamiento había sido para la vista en su fondo, y que en ausencia de justificación adecuada, no excusaría la incomparecencia.

Las partes acordaron una oferta de transacción, luego de lo cual el abogado del Hospital Presbiteriano solicitó receso hasta las dos de la tarde para discutirla con su representado. Posteriormente, el mismo abogado solicitó receso hasta el 3 de diciembre de 1999 debido a que la oferta tenía que ser discutida con la Junta de Directores del Hospital. Ambas solicitudes fueron concedidas. En virtud de lo sucedido, no se celebró el juicio el día 30 de noviembre. El tribunal dispuso que de no llegar a un acuerdo, el juicio en su fondo se celebraría el 3 de diciembre de 1999.

El 3 de diciembre, el tribunal leyó los acuerdos e informó que dictaría sentencia de aprobación. Ese día comparecieron los cuatro demandantes que estuvieron ausentes cuando se discutió la transacción el 30 de noviembre de 1999.

Presentaron excusas al tribunal por no haber comparecido. La Sra. Blanca Santana y el Sr. Benjamín González Díaz presentaron certificados médicos que excusaban su incomparecencia. El Sr. Edgardo Figueroa presentó un certificado de su patrono, la Autoridad Metropolitana de Autobuses (A.M.A.), donde se hacía constar que el día 30 de noviembre de 1999 estuvo trabajando hasta las 12:30 P.M. El Sr. Reynaldo Ortiz testificó bajo juramento que sufrió una herida en la mano el día 21 de noviembre, que estuvo en visita médica de seguimiento el día 29 de noviembre y en reposo por orden médica hasta el 2 de diciembre de 1999.

El tribunal dictó sentencia acogiendo la transacción respecto a los demandantes que comparecieron el 30 de noviembre y ordenó al Hospital Presbiteriano el pago a éstos de las cantidades acordadas. En dicha sentencia determinó que los certificados médicos presentados por los demandantes apelantes eran de *"dudosa confiabilidad,"* y que el certificado de la A.M.A. no justificaba la ausencia al tribunal. Concluyó que, ante la falta de razón adecuada que justificara la incomparecencia de los cuatro demandantes el 30 de noviembre, resolvía no aceptar las excusas presentadas tardíamente. Desestimó las reclamaciones de los cuatro demandantes y de los restantes dieciséis que nunca se excusaron. La desestimación la basó en la sección 6 de la Ley Núm. 2, *supra.* Oportunamente, los cuatro demandantes solicitaron reconsideración, la que fue denegada. En este recurso cuestionan la decisión desestimatoria en su contra.

## II

La finalidad de la Ley Núm. 2, *supra*, es proveer al empleado un mecanismo procesal mediante el cual se aligere el trámite de las reclamaciones laborales presentadas contra su patrono. Implanta la política pública del Estado de proteger el empleo, desalentar el despido sin justa causa y proveer al obrero despedido de medios económicos para subsistir mientras obtiene un nuevo empleo. *Piñero González v. Autoridad de Acueductos,* 146 D.P.R. ____ (1998), **98 J.T.S. 140**, pág. 213; *Rivera v. Insular Wire Products Corp.,* 140 D.P.R. ____ (1996), **96 J.T.S. 76**, pág. 1175; *Mercado Cintrón v. ZETA Communications Inc.,* 135 D.P.R. 737 (1994).

Varias disposiciones de dicha ley confirman su carácter sumario. Entre éstas, la sección 6 dispone lo siguiente:

*"Si ninguna de las partes compareciere al acto del juicio, el tribunal pospondrá la vista del caso; si compareciere sólo el querellado, a instancia de éste, el tribunal desestimará la reclamación, pero si sólo compareciere el querellante, el tribunal dictará sentencia contra el querellado concediendo el remedio solicitado. En uno u otro caso, la sentencia será final y de la misma no podrá apelarse; disponiéndose, sin embargo, que la parte perjudicada podrá acudir del Tribunal de Distrito al Superior correspondiente, o del Tribunal Superior en que se haya originado la reclamación al Tribunal Supremo, dentro de los diez(10) días siguientes a la notificación de la sentencia para que se revisen los procedimientos."* 32 L.P.R.A. sec. 3123.

Como puede apreciarse de su texto, esta sección establece consecuencias serias para la parte que no comparece al acto del juicio. Si sólo comparece a dicho acto el patrono querellado, se desestimará la reclamación en su contra; si sólo comparece el querellante, se dictará sentencia contra el querellado. La razón para el tratamiento más estricto de conceder el remedio por incomparecencia del patrono es el repudio del legislador a cualquier práctica abusiva y dilatoria de éste, lo que está reñido con el carácter sumario y los propósitos

legislativos de la Ley Núm. 2. *Santiago Pérez v. Palmas del Mar Properties,* 143 D.P.R. ____ (1997), **97 J.T.S. 125**, pág. 45. También controvierte la esencia de la ley, la dilación de los procedimientos, por medios tales como no producir los documentos solicitados por el querellante, no contestar interrogatorios, no cumplir oportunamente con órdenes del tribunal, ausentarse de reuniones con los abogados, pedir prórrogas injustificadas, etc. *Rodríguez Aguiar v. Syntex de P.R., Inc.*, 148 D.P.R. ____ (1999), **99 J.T.S. 99**, pág. 1198.

Al aplicar las medidas contempladas en dicha ley, corresponde al tribunal sopesar las incidencias habidas en el proceso y ejercer su discreción a tenor de sus propósitos. La desestimación de las reclamaciones de los apelantes en este caso, debe analizarse bajo dichas incidencias. Hay base en el récord que sustenta que el Hospital Presbiteriano demostró conducta dilatoria. A pesar de la petición de los demandantes, el tribunal, en el uso de su sana discreción, se abstuvo de imponer sanciones a dicha parte y concedió las suspensiones que solicitó, no empece el carácter sumario del procedimiento. Por otro lado, ante la incomparecencia de los apelantes a una vista que resultó ser de carácter transaccional, les sancionó de la forma más severa, desestimando su reclamación. Luego, al comparecer al señalamiento del 3 de diciembre donde se aprobaría la transacción, no aceptó las razones justificativas de su incomparecencia. Las circunstancias apuntadas, reflejan que no procedía la desestimación.

Es principio reconocido de hermenéutica que al interpretar una disposición legal, los tribunales debemos considerar la claridad de su texto, así como el propósito legislativo que dio lugar a su aprobación. La sección 6, *supra*, tiene el propósito ya mencionado de no dilatar el procedimiento sumario. Su texto se refiere claramente a la incomparecencia al juicio, el que se contempla se celebre dentro de términos cortos desde que se insta la reclamación.

No encontramos que la incomparecencia de los apelantes a la vista transaccional demuestre falta de diligencia o la violación que contempla la sección 6. Los apelantes mostraron interés en su caso durante el período de más de tres años que duró el trámite. Asistieron a los señalamientos previos al que motivó la desestimación. Al acudir el día en que el Hospital informaría sobre la oferta o en que daría comienzo la vista en su fondo, ofrecieron excusas al tribunal por su incomparecencia y presentaron evidencia justificada de ésta. Consideramos que el tribunal se excedió en el ejercicio de su discreción al no aceptar las justificaciones y al aplicar la desestimación provista en la sección 6 porque el día en que se discutió el acuerdo transaccional los apelantes no comparecieron.

Aun bajo las disposiciones de la Regla 39.2(a) de las de Procedimiento Civil, 32 L.P.R.A. Ap. III, para la desestimación de las reclamaciones ordinarias por incumplimiento con cualquier orden del tribunal, no procede el dictamen cuestionado. Está claramente establecido que la privación de un litigante de su día en corte es medida procedente sólo en casos extremos en que no haya duda de la irresponsabilidad o contumacia de la parte contra quien se toman las medidas. Existe una política judicial de que los casos se ventilen en sus méritos y la desestimación de un caso como medio de sanción, debe ser de los últimos recursos a utilizarse. *Garriga Gordils v. Maldonado Colón,* 109 D.P.R. 817, 822 (1980)*; Acevedo v. Compañía Telefónica de P.R.,* 102 D.P.R. 787, 791 (1974)*; Arce v. Club Gallístico de San Juan*, 105 D.P.R. 305 (1976).

Determinamos que los errores señalados en el recurso fueron cometidos. El tribunal de instancia se excedió en la sanción impuesta a los apelantes, tomando en cuenta las circunstancias previamente expuestas.

Finalmente, señalamos que en los casos decididos bajo las disposiciones de la sección 6 de la Ley Núm. 2, *supra*, no procede la apelación de la sentencia, siendo el mecanismo procesal para revisarla el *certiorari. Santiago Pérez v. Palmas del Mar Properties, Inc., supra.* Toda vez que la sentencia se dictó al amparo de la sección 6, aunque entendemos que ésta es inaplicable, acogemos el recurso como *certiorari*, y lo expedimos.

### III

En virtud de todo lo anterior, se expide el auto de *certiorari* y se revoca la sentencia, en cuanto a la desestimación de la reclamación de los apelantes. Se devuelve el caso al tribunal de instancia para que dicte sentencia a favor de los cuatro apelantes, haciéndoles aplicables los términos de la transacción adoptada en dicha sentencia.

Lo acordó y manda el Tribunal y lo certifica la Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General