# 2004 DTA 73

### TRIBUNAL DE CIRCUITO DE APELACIONES
### REGION JUDICIAL DE SAN JUAN
### PANEL II

CARLOS E. PARALITICI
Peticionario

v.

KELLY & PICERNE, INC. D/B/A PICERNE REAL ESTATE GROUP
Recurrido

Núm. KLCE-04-00126

San Juan, Puerto Rico, a 8 de marzo de 2004

Panel integrado por su Presidente, el Juez Brau Ramírez,
la Juez Pabón Charneco y el Juez Rivera Martínez

Brau Ramírez, Juez Ponente

[black redaction bar]

[black redaction bar]

[black redaction bar]

## TEXTO COMPLETO DE LA RESOLUCION

### I

La parte recurrida Kelly & Picerne, Inc. d/b/a Picerne Real Estate Group ("*Kelly*") es una corporación dedicada al negocio de bienes raíces, con oficinas principales en Rhode Island. Kelly hace negocios en Puerto Rico.

El peticionario Carlos E. Parilitici fue empleado de la recurrida. Fue contratado en 1998. Entre otros términos, se acordó que su compensación habría de incluir un bono anual de $26,000. Conforme al acuerdo entre las partes, la concesión de dicho bono habría de ser no discrecional, salvo el incumplimiento absoluto de sus obligaciones por parte del peticionario.

El peticionario fue despedido de su empleo el 12 de marzo de 2003. Reclamó de Kelly el pago del bono acordado. La parte recurrida se rehusó a pagar.

El 26 de septiembre de 2003, el peticionario instó la presente querella por cobro de bonificación contra Kelly ante el Tribunal de Primera Instancia, Sala Superior de San Juan, solicitando que se condenara a Kelly a pagarle el beneficio acordado. El peticionario solicitó acogerse al procedimiento sumario establecido por la Ley Núm. 2 de 17 de octubre de 1961, según enmendada, 32 L.P.R.A. secs. 3118 y ss.

El 21 de octubre de 2003, Kelly fue notificada de la querella en sus oficinas situadas en la región judicial de San Juan.

El 31 de octubre de 2003, último día hábil para contestar la querella, Kelly presentó una moción de prórroga.

La moción estaba suscrita y juramentada por la abogada de Kelly. En la misma se aseveraba que dicha representación legal se encontraba investigando los hechos del caso, que se disponía a presentar varias defensas relacionadas a la conducta del peticionario y que requería tiempo adicional para completar su investigación, debido a que la información necesaria estaba en la oficina matriz de Kelly en Rhode Island, lo que dificultaba la comunicación.

La parte recurrida solicitó una prórroga de diez días para contestar.

El 10 de noviembre de 2003, Kelly contestó la querella, negando las alegaciones y levantando varias defensas afirmativas. Entre otras cosas, Kelly planteó que el peticionario había incurrido en incumplimiento absoluto de sus obligaciones y que había incurrido en actos constitutivos de hostigamiento sexual hacia empleadas de la compañía, masturbándose en dos ocasiones frente a una empleada, por lo que fue despedido.

Se alegó también que el peticionario había llevado a cabo su trabajo de forma negligente, por lo que había ocasionado gastos millonarios a la empresa. Kelly alegó que, en estas circunstancias, el peticionario no tenía derecho alguno al bono acordado.

El 13 de noviembre de 2003, el peticionario objetó que se concediera a la recurrida una prórroga para contestar su querella.

Mediante resolución emitida el 15 de diciembre de 2004, el Tribunal de Primera Instancia denegó esta moción, observando que la misma resultaba académica.

Insatisfecho, el peticionario acudió ante este Tribunal.

## II

En su recurso, el peticionario plantea que el Tribunal de Primera Instancia erró al denegar su moción en oposición a que se concediera a Kelly una prórroga para contestar su querella.

La citada Ley Núm. 2, según se conoce, establece un procedimiento sumario para las reclamaciones laborales, 32 L.P.R.A. secs. 3118 y ss.

La esencia de dicho procedimiento es proveer un mecanismo procesal que logre una rápida consideración y adjudicación de las querellas presentadas por obreros y empleados, de modo que se proteja el empleo, se desaliente el despido sin justa causa y se provea al obrero despedido de medios económicos para su subsistencia mientras consigue un nuevo empleo. Véanse, *Lucero v. San Juan Star*, 159 D.P.R. ___ (2003), **2003 J.T.S. 81**, a la pág. 1031; *Ríos v. Industrial Optics*, 155 D.P.R. ___ (2001), **2001 J.T.S. 121**, a las págs. 51-52; *Rodríguez v. Syntex P.R., Inc.*, 148 D.P.R. 604, 612 (1999); *Piñero v. A.A.A.*, 146 D.P.R. 890, 897 (1998); *Santiago v. Palmas del Mar Properties, Inc.*, 143 D.P.R. 886, 891 (1997); *Rivera v. Insular Wire Products Corp.*, 140 D.P.R. 912, 923 (1996); *Srio. del Trabajo v. J.C.Penney Co.*, 119 D.P.R. 660, 665 (1987).

Este procedimiento está disponible para reclamaciones de cualesquiera derechos o beneficios laborales. *Piñero v. A.A.A.*, 146 D.P.R. a las págs. 900-901; véanse, además, *Berríos v. González, et al.*, 151 D.P.R. ___ (2000), **2000 J.T.S. 102**, a la pág. 1,297.

Para lograr los fines perseguidos por el estatuto, la Ley establece términos cortos para la contestación de la querella. También se provee una limitación al uso de los mecanismos de descubrimiento de prueba, así como una prohibición a la presentación de reconvenciones contra el querellante, y otras garantías para preservar la naturaleza sumaria del procedimiento. 32 L.P.R.A. sec. 3120; *Lucero v. San Juan Star*, **2003 J.T.S. 81**, a la pág. 1031; *Hernández v. Espinosa*, 145 D.P.R. 248, 257-258 (1998); *Rivera Rivera v. Insular Wire Products Corp.*, 140 D.P.R. a la pág. 923.

La sec. 3 de la Ley dispone, en lo pertinente:

*"El Secretario del tribunal notificará a la parte querellada con copia de la querella, apercibiéndole que deberá radicar su contestación por escrito, con constancia de haber servido copia de la misma al abogado de la parte querellante o a ésta si hubiere comparecido por derecho propio, dentro de diez (10) días después de la notificación, si ésta se hiciere en el distrito judicial en que se promueve la acción, y dentro de quince (15) días en los demás casos, y apercibiéndole, además, que si así no lo hiciere, se dictará sentencia en su contra, concediendo el remedio solicitado, sin más citarle ni oírle.*

*Solamente a moción de la parte querellada, la cual deberá notificarse al abogado de la parte querellante o a ésta si compareciere por derecho propio en que se expongan bajo juramento los motivos que para ello tuviere la*

*parte querellada, podrá el juez, si de la faz de la moción encontrara causa justificada, prorrogar el término para contestar. En ningún otro caso, tendrá jurisdicción el tribunal para conceder esa prórroga."* 32 L.P.R.A. sec. 3120. Véanse, *León v. Rest. El Tropical,* 154 D.P.R. ___ (2001), **2001 J.T.S. 84**, a la pág. 1,328; *Hernández v. Espinosa,* 145 D.P.R. a la pág. 271; *Mercado Cintrón v. Zeta Com., Inc.,* 135 D.P.R. 737, 744-745 (1994).

El incumplimiento con los términos establecidos en el estatuto conlleva que el caso se adjudique en rebeldía contra el patrono. **2001 J.T.S. 84**, a la pág. 1,325; *Rodríguez v. Syntex P.R., Inc.,* 148 D.P.R. a la pág. 613; *Mercado Cintrón v. ZETA Com., Inc.,* 135 D.P.R. 737, 743-744 (1994).

Para preservar el carácter sumario del procedimiento, no se favorece la revisión de incidentes de naturaleza interlocutoria acaecidos en los tribunales de Primera Instancia en casos bajo la Ley Núm. 2. El Tribunal Supremo de Puerto Rico ha advertido que este tipo de decisiones interlocutorias no deben ser revisadas por el Tribunal Apelativo mediante autos de *certiorari,* excepto cuando se trate de situaciones excepcionales o cuando se trate de un claro planteamiento jurisdiccional. Véase, *Alfonso Brú v. Trane Export, Inc.,* 155 D.P.R. ___ (2001), **2001 J.T.S. 132**, a la pág. 141; *Ruiz v. Col. San Agustín,* 152 D.P.R. ___ (2000), **2000 J.T.S. 159**, a la pág. 213; *Dávila, Rivera v. Antilles Shipping, Inc.,* 147 D.P.R. 483, 497-498 (1999); véanse, además, *Rodríguez, et al. v. Rivera, et al,* 155 D.P.R. ___ (2002), **2002 J.T.S. 2**; *Rodríguez v. Interactive Sist., Inc.,* 153 D.P.R. ___ (2001), **2001 J.T.S. 25**.

En la situación de autos, el peticionario se queja de que el Tribunal de Primera Instancia no atendió su oposición a la moción de prórroga presentada por Kelly.

Lo cierto es que la oposición del peticionario fue presentada el 13 de noviembre de 2003, luego de que Kelly hubiera presentado su contestación a la querella.

La solicitud de prórroga de Kelly, según hemos visto, fue presentada de manera oportuna. La misma estaba debidamente juramentada por la representación legal de la parte recurrida. *Vélez v. Serv. Legales de P.R., Inc.,* 144 D.P.R. 673, 679-680 (1998).

Contrario a lo que plantea el peticionario, entendemos que los fundamentos expresados por la parte recurrida en su moción constituían un fundamento legítimo para prorrogar el plazo para contestar la querella. Compárese, *Valentín v. Housing Promoters, Inc.,* 146 D.P.R. 712, 718 (1998); *Srio. del Trabajo v. Tribunal Superior,* 91 D.P.R. 864, 865 (1965).

El Tribunal Supremo de Puerto Rico ha advertido que el procedimiento sumario *"no es, ni puede ser, una carta en blanco para la concesión de remedios a obreros que no han justificado adecuadamente mediante alegaciones o prueba, hechos que avalen su derecho a lo reclamado."* *Hernández v. Espinosa,* 145 D.P.R. a la pág. 271; *Díaz v. Hotel Miramar Corp.,* 103 D.P.R. 314, 324 (1975).

En el presente caso, el peticionario no nos ha colocado en posición de concluir que debamos intervenir con la determinación recurrida. Tratándose de un dictamen de naturaleza interlocutoria, el mismo no debe ser revisado por este foro. *Alfonso Brú v. Trane Export, Inc.,* **2001 J.T.S. 132**, a la pág. 141; *Ruiz v. Col. San Agustín,* **2000 J.T.S. 159**, a la pág. 213; *Dávila, Rivera v. Antilles Shipping, Inc.,* 147 D.P.R. a la pág. 498.

Por los fundamentos expresados, se deniega el auto solicitado.

Lo pronunció el Tribunal y lo certifica la señora Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General