Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL II

| | | |
|---|---|---|
| HERIBERTO MARTÍNEZ DE DIOS<br><br>Recurrido<br><br>v.<br><br>ATLANTIC UNIVERSITY COLLEGE, INC.<br><br>Peticionaria | KLCE202300005 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de San Juan<br><br>Caso Núm. SJ2022CV10063<br><br>Sobre: Procedimiento Sumario bajo Ley Núm. 2 |

Panel integrado por su presidente el Juez Bermúdez Torres, la Jueza Romero García y la Juez Méndez Miró.

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 31 de enero de 2023.

I.

El 16 de noviembre de 2022, el Sr. Heriberto Martínez De Dios presentó una *Querella* contra Atlantic University College Inc. (AUC), al amparo de la Ley Núm. 2 de 17 de octubre de 1961.[1] Alegó que fue despedido sin justa causa a tenor con la Ley Núm. 80 de 30 de mayo de 1976, según enmendada.[2] El 4 de diciembre de 2022, AUC presentó *Contestación a Querella.* Adujo que no despidió al señor Martínez De Dios injustificadamente y levantó múltiples defensas afirmativas. Anejó a su alegación responsiva, 62 documentos de los cuales pretende demostrar un posible esquema de fraude a fondos estatales y federales por parte del señor Martínez De Dios y su familia. En la misma fecha, AUC presentó *Solicitud para que se Ventile el Caso bajo el Procedimiento Ordinario por razón del Fraude Cometido por Heriberto Martínez De Dios.* Sostuvo que debía realizar un amplio descubrimiento de prueba en posesión de terceros.

---

[1] 32 LPRA § 3118 et seq.
[2] 29 LPRA § 185a et seq.

El 20 de diciembre de 2022, el señor Martínez De Dios radicó *Oposición a la Solicitud de Conversión*. Atendidas las solicitudes de las partes, el 20 de diciembre de 2022, notificada el 22, el Foro primario emitió *Resolución* y declaró "No Ha Lugar" la conversión del procedimiento sumario a uno ordinario. El 21 de diciembre de 2022, AUC presentó *Moción para Informar Intención de Presentar Objeción Fundamentada al amparo de la Regla 8.4 de Procedimiento Civil de 2009*. Solicitó que se le concediera un término de treinta (30) días para presentarle al Tribunal un escrito de refutación con un cuadro más certero sobre los hechos pertinentes a la solicitud de conversión.

El 21 de diciembre de 2022, notificada el 22, nuevamente el Foro primario emitió *Orden* y expuso, "*Académico. Véase resolución de 20 de diciembre de 2022. Adviértase a ambas partes que nuestro más alto foro ya se ha expresado sobre la controversia de alegaciones de conducta delictiva en el derecho laboral, GONZÁLEZ V. BAXTER HEALTHCARE, 2019 TSPR 19.*" Insatisfecho, el 3 de enero de 2023, AUC recurrió ante nos mediante *Certiorari*. Aduce que el Foro primario cometió el siguiente error:

> **ERRÓ EL TPI Y VIOLÓ EL DEBIDO PROCESO DE LEY DE AUC, LA POLÍTICA PÚBLICA EN CONTRA DE LA CORRUPCIÓN EN EL MANEJO DE FONDOS PÚBLICOS ESTATALES Y FEDERALES DESTINADOS A LA EDUCACIÓN Y ACTUÓ DE FORMA ULTRAVIRES AL DENEGAR LA SOLICITUD PARA QUE SE VENTILE EL CASO BAJO EL PROCEDIMIENTO ORDINARIO.**

El 18 de enero de 2023, el señor Martínez De Dios presentó *Oposición a Certiorari y Solicitud de Desestimación por Falta de Jurisdicción*. El 23 de enero de 2023, AUC presentó *Oposición a Moción de Desestimación*. Contando con la comparecencia de las partes, procedemos a resolver.

## II.

La Ley Núm. 2 de 17 de octubre de 1961,[3] establece un procedimiento sumario de reclamaciones laborales de obreros y

---

[3] 32 LPRA § 3118 *et seq.*

empleados contra sus patronos relacionadas a salarios, beneficios y derechos laborales.[4] Su propósito es proveerle al obrero un mecanismo procesal abreviado mediante el establecimiento de términos cortos que facilite y aligere el trámite de sus reclamaciones.[5] El Tribunal Supremo de Puerto Rico ha enfatizado que la médula y esencia del trámite de la Ley 2, es precisamente el procesamiento sumario y su rápida adjudicación. La naturaleza sumaria del procedimiento constituye su característica esencial.[6] Por ello se ha exigido su rigurosa observancia en aras de evitar que las partes desvirtúen su carácter especial y sumario.[7]

No obstante, nuestro más alto Foro, en *Dávila Rivera* v. *Antilles Shipping Inc.*,[8] explicó que nuestra intervención está limitada cuando se recurre de resoluciones interlocutorias emitidas en casos atendidos por el Tribunal de Primera Instancia bajo el procedimiento sumario de la Ley Núm. 2. Razonó que:

> La parte que pretenda impugnar tales resoluciones interlocutorias deberá esperar hasta la sentencia final e instar contra ella el recurso pertinente a base del alegado error cometido. De este modo se da cumplimiento a la médula del procedimiento analizado y, por otro lado, no queda totalmente desvirtuado el principio de economía procesal ya que, si tenemos en cuenta la rapidez con que sobrevienen los escasos eventos procesales previstos por la Ley Núm. 2 veremos que la pare podrá revisar en tiempo cercano los errores cometidos.[9]

Sin embargo, se reconoció que esta norma de autolimitación judicial no es absoluta. A modo de excepción, se pueden revisar las resoluciones interlocutorias dictadas por un tribunal sin jurisdicción y aquellos casos extremos en los cuales los fines de la

---

[4] *Ríos Moya* v. *Industrial Optics*, 155 DPR 1 (2001); *Berríos Heredia* v. *González*, 151 DPR 327 (2000); *Rivera Rivera* v. *Insular Wire Products*, 140 DPR 912, 921 (1996).

[5] *Ocasio* v. *Kelly Servs.*, 163 DPR 653 (2005); *Lucero* v. *San Juan Star*, 159 DPR 494 (2003); *Ríos*, 155 DPR; *Ruiz* v. *Col. San Agustín*, 152 DPR 226 (2000); *Berríos*, 151 DPR; *Rivera*, 140 DPR, págs. 923-924.

[6] *Vizcarrondo Morales* v. *MVM, Inc.*, 174 DPR 921, 929 (2008); *Lucero* 159 DPR, pág. 505; *Rodríguez Aguiar* v. *Syntex*, 148 DPR 604 (1999); *Dávila* v. *Antilles Shipping, Inc.*, 147 DPR 483 (1999); *Santiago* v. *Palmas del Mar*, 143 DPR 886, 891 (1997); *Resto Maldonado* v. *Galarza Rosario*, 117 DPR 458, 460 (1986); *Díaz* v. *Hotel Miramar Corp.*, 103 DPR 314, 316 (1975).

[7] *Ríos*, 155 DPR; *Dávila*, 147 DPR; *Mercado Cintrón* v. *Zeta Communications, Inc.*, 135 DPR 737 (1994); *Srio. del Trabajo* v. *J.C.Penny Co., Inc.*, 119 DPR 660 (1987).

[8] 147 DPR 483, 497 (1999).

[9] Íd.

justicia requieran la intervención del foro apelativo.[10] Es decir, en aquellas situaciones en que la revisión inmediata disponga del caso en forma definitiva o cuando dicha revisión inmediata tenga el efecto de evitar una grave injusticia.[11]

### III.

En el presente caso, AUC nos plantea que el procedimiento sumario debe convertirse a uno ordinario debido a la posibilidad de un fraude multimillonario, sumamente complejo, que requiere un extenso descubrimiento de prueba. No obstante, luego de evaluadas las comparecencias de las partes, somos del criterio que no debemos intervenir en esta etapa de los procedimientos. Debemos recordar que, la revisión de resoluciones interlocutorias es contraria al carácter sumario del procedimiento laboral.[12] Además, consideramos que el recurso incoado no plantea ninguna de las instancias que a modo de excepción pueden revisarse interlocutoriamente en los procedimientos laborales sumarios. Consecuentemente, aplicados los criterios de nuestra Regla 40,[13] y la doctrina interpretativa,[14] no intervendremos con la decisión recurrida.

### IV.

Por los fundamentos antes expuestos, *denegamos* la expedición del presente recurso de *Certiorari.*

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[10] Íd., pág. 498.

[11] Íd.; *Medina Nazario* v. *Mcneil Healthcare LLC,* 194 DPR 723, 732-733 (2016).

[12] *Medina,* 194 DPR, pág. 733.

[13] Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B.

[14] *Filiberty* v. *Soc. de Gananciales,* 147 DPR 834, 838 (1999), *800 Ponce de León Corp.* v. *American International Insurance Company of Puerto Rico*, 205 DPR 163, 174 (2020); *Medina Nazario* v. *McNeil Health LLC*, 194 DPR 723, 728-729 (2016); *IG Builders Corp.* v. *BBVAPR*, 185 DPR 307, 337–338 (2012); *García* v. *Asociación,* 165 DPR 311, 322 (2005); *Meléndez* v. *Caribbean Int'l News,* 151 DPR 649, 664-665 (2000).