ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL II

| | | |
|---|---|---|
| ANDREA DRAGOTTO<br><br>Recurrida<br><br>v.<br><br>CALYPSO CAFÉ, INC., H/N/C CADDY´S CALYPSO CAFÉ<br><br>Peticionario | KLCE202400938 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Aguada<br><br>Caso Núm. AG2024CV00844<br><br>Sobre: Despido Injustificado (Ley Núm. 80) y otros |

Panel integrado por su presidente el Juez Bermúdez Torres, la Jueza Martínez Cordero y el Juez Cruz Hiraldo.

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 11 de octubre de 2024.

I.

El 22 de mayo de 2024, la Sra. Andrea Dragotto instó *Querella* contra su antiguo patrono, Calypso Café Inc., haciendo negocios como Caddy's Calypso Café, (Calypso), al amparo de la *Ley de Procedimiento Sumario de Reclamaciones Laborales*, Ley Núm. 2 de 17 de octubre de 1961, según enmendada.[1] Reclamó $31,000.00 como compensación por alegadamente haber sido despedida injustificadamente. Explicó, que fue despedida luego de que se quejara de cierta conducta alegadamente ilegal de parte de Calypso, por lo que exigió compensación de $500,000 por los daños y perjuicios y angustias mentales.

El 17 de junio de 2024, la señora Dragotto presentó *Moción Anejando Emplazamiento Diligenciado.* En ella, acreditó haber diligenciado el emplazamiento sobre Calypso el 12 de junio de 2024. Debidamente emplazada, el 21 de junio de 2024, Calypso solicitó la

---

[1] 32 LPRA § 3118 *et seq.*

desestimación de la *Querella* a tenor con la Regla 10.2 (5) de las Procedimiento Civil.[2]

El 28 de junio de 2024, la señora Dragotto presentó su *Oposición a Moción de Desestimación y en Solicitud de Anotación de Rebeldía y Sentencia.* Planteó que no procedía la desestimación de la *Querella* y sí, la anotación de la rebeldía, puesto que Calypso no había presentado su alegación responsiva.

En su *Réplica* presentada el 1 de julio de 2024, Calypso arguyó que no procedía la rebeldía y solicitó se convirtiera el procedimiento sumario en uno ordinario. Tras *Dúplica* presentada por la señora Dragotto, mediante *Resolución* emitida el 22 de agosto de 2024, el Tribunal de Primera Instancia se negó a desestimar la *Querella* y a convertir el procedimiento en uno ordinario. En su lugar, anotó la rebeldía a Calypso.

Insatisfecho, el 30 de agosto de 2024, Calypso recurrió ante nos mediante *Certiorari.* Plantea:

> Primer error: Erró el Honorable Tribunal de Primera Instancia al determinar que están sujetas al procedimiento sumario bajo la Ley 2 de 17 de octubre de 1961 las reclamaciones en daños y perjuicios por angustias mentales y emocionales, ánimo decaído, que se ha afectado su habilidad de disfrutar la vida, desorden alimenticio, ayuda psicológica, difamación y daños a la reputación por alegadas declaraciones falsas, según alega la recurrida, en contravención al mandato, propósito e intención legislativa de la Ley Núm 2-1961 y en crasa violación al debido proceso de ley de la peticionaria.

> Segundo error: Erró el Honorable Tribunal de Primera Instancia al anotar la rebeldía a la peticionaria luego de concluir que ésta no presentó una alegación responsiva en su "Moción de Desestimación", a pesar de que dicho escrito contiene en detalle defensas y objeciones levantadas oportunamente por la peticionaria en contra de las alegaciones de la querella, lo que es contrario a derecho, en violación al debido proceso de ley y constituye un total fracaso de la justicia.

> Tercer error: Erró el Honorable Tribunal de Primera Instancia al concluir que la "Moción de desestimación" de la peticionaria no interrumpió el término para contestar la querella a pesar de que la misma se presentó oportunamente y dentro del correspondiente término para contestar.

---

[2] 32 LPRA Ap. V, R. 10.2.

Cuarto error: Erró el Honorable Tribunal de Primera Instancia al utilizar una interpretación liberal y de la forma más favorable a la parte recurrida para declarar No Ha Lugar la "Moción de Desestimación" y anotar la rebeldía de la peticionaria cuando el estándar aplicable es el consignado en la Ley 4-2017, según enmendada, conocida como la "Ley de Transformación y Flexibilidad Laboral" que eliminó dicha normativa de nuestro estado de derecho.

El 4 de septiembre de 2024, la señora Dragotto compareció mediante *Oposición a Expedición de Auto de Certiorari*. En el mismo nos advierte que carecemos de jurisdicción para atender el recurso por recurrirse de una determinación interlocutoria bajo el procedimiento sumario de la Ley Núm. 2-1961 vetada por la doctrina jurídica. En la alternativa, nos invita a denegar el recurso. El 20 de septiembre de 2024 le concedimos diez (10) días a la peticionaria para que nos mostrara causa por la cual no debíamos desestimar el recurso a la luz de lo resuelto en *Dávila* v. *Antilles Shipping, Inc.*, 147 DPR 483 (1999). El 2 de octubre de 2024 Calypso presentó *Moción en Cumplimiento de Orden.* Insiste en que las determinaciones del Foro primario fueron tomadas sin jurisdicción. Además, que, en virtud de los daños reclamados, el descubrimiento de prueba dentro de los parámetros de la Ley Núm. 2-1961 impiden que el Tribunal pueda hacer una adecuada valoración de los daños. Alega que lo anterior acarrea un fracaso a la justicia y que, por lo tanto, procede la revisión de la Resolución del Foro primario en esta etapa. Con el beneficio de la comparecencia de las partes, el derecho y jurisprudencia aplicables, resolvemos.

II.

La Ley Núm. 2 de 17 de octubre de 1961,[3] establece un procedimiento sumario de reclamaciones laborales de obreros y empleados contra sus patronos relacionadas a salarios, beneficios y derechos laborales.[4] Su propósito es proveerle al obrero un

---

[3] 32 LPRA § 3118 *et seq.*
[4] *Ríos Moya* v. *Industrial Optics*, 155 DPR 1 (2001); *Berríos Heredia* v. *González*, 151 DPR 327 (2000); *Rivera Rivera* v. *Insular Wire Products*, 140 DPR 912, 921 (1996).

mecanismo procesal abreviado mediante el establecimiento de términos cortos que facilite y aligere el trámite de sus reclamaciones.[5] El Tribunal Supremo de Puerto Rico ha enfatizado que la médula y esencia del trámite de la Ley Núm. 2-1961, es precisamente el procesamiento sumario y su rápida adjudicación. La naturaleza sumaria del procedimiento constituye su característica esencial.[6] Por ello se ha exigido su rigurosa observancia en aras de evitar que las partes desvirtúen su carácter especial y sumario.[7]

No obstante, nuestro más alto Foro, en *Dávila Rivera* v. *Antilles Shipping Inc.*,[8] explicó que **nuestra intervención está limitada cuando se recurre de resoluciones interlocutorias emitidas en casos atendidos por el Tribunal de Primera Instancia bajo el procedimiento sumario de la Ley Núm. 2-1961**.[9] Razonó lo siguiente:

> La parte que pretenda impugnar tales resoluciones interlocutorias deberá esperar hasta la sentencia final e instar contra ella el recurso pertinente a base del alegado error cometido. De este modo se da cumplimiento a la médula del procedimiento analizado y, por otro lado, no queda totalmente desvirtuado el principio de economía procesal ya que, si tenemos en cuenta la rapidez con que sobrevienen los escasos eventos procesales previstos por la Ley Núm. 2 veremos que la pare podrá revisar en tiempo cercano los errores cometidos.[10]

Sin embargo, se reconoció que esta norma de autolimitación judicial no es absoluta. A modo de excepción, se pueden revisar las resoluciones interlocutorias dictadas por un tribunal sin jurisdicción y aquellos casos extremos en los cuales los fines de la

---

[5] *Ocasio* v. *Kelly Servs.*, 163 DPR 653, 665-667 (2005); *Lucero* v. *San Juan Star*, 159 DPR 494 (2003); *Ríos* v. 155 DPR, pág. 10; *Ruiz* v. *Col. San Agustín*, 152 DPR 226 (2000); *Berríos* v. 151 DPR, págs. 349-350; *Rivera* v. 140 DPR, págs. 923-924.
[6] *Vizcarrondo Morales* v. *MVM, Inc.,* 174 DPR 921, 929 (2008); *Lucero* v. 159 DPR, pág. 505; *Rodríguez Aguiar* v. *Syntex,* 148 DPR 604 (1999); *Dávila* v. *Antilles Shipping, Inc.*, 147 DPR 483 (1999); *Santiago* v. *Palmas del Mar*, 143 DPR 886, 891 (1997); *Resto Maldonado* v. *Galarza Rosario,* 117 DPR 458, 460 (1986); *Díaz* v. *Hotel Miramar Corp.,* 103 DPR 314, 316 (1975).
[7] *Ríos* v. 155 DPR, pág. 10; *Dávila* v. 147 DPR pág. 492; *Mercado Cintrón* v. *Zeta Communications, Inc.,* 135 DPR 737 (1994); *Srio. del Trabajo* v. *J.C. Penny Co., Inc.,* 119 DPR 660 (1987).
[8] *Dávila* v. 147 DPR, pág. 497 (1999).
[9] *Íd.* (Énfasis nuestro).
[10] *Íd.*

justicia requieran la intervención del foro apelativo.[11] Es decir, en aquellas situaciones en que la revisión inmediata disponga del caso en forma definitiva o cuando dicha revisión inmediata tenga el efecto de evitar una grave injusticia.[12]

III.

En el presente caso, Calypso acude de un dictamen mediante el cual el Foro *a quo* se negó a desestimar la *Querella* y a convertir el procedimiento sumario en uno ordinario. Dicho Foro optó por anotarle la rebeldía al patrono querellado.

La norma prevaleciente dicta que, **la revisión de resoluciones interlocutorias es contraria al carácter sumario del procedimiento laboral**,[13] y no debemos intervenir en esta etapa de los procedimientos. Según el Tribunal Supremo de Puerto Rico, los dictámenes interlocutorios, tales como la reconsideración, son incompatible con el carácter sumario de la Ley Núm. 2-1961.[14]

Además, considerando que el recurso incoado no plantea ninguna de las instancias que, a modo de excepción, pueden revisarse interlocutoriamente en los procedimientos laborales sumarios, carecemos de jurisdicción para atenderlo. Lo anterior es así, pues, cuando se entabla una reclamación bajo el procedimiento sumario y se notifica al patrono querellado mediante copia de la querella, éste está obligado a presentar su contestación dentro de unos términos más cortos que los provistos para los procedimientos ordinarios.[15] A tales efectos dispone la Sección 3 de la citada ley:

> El secretario del tribunal notificará a la parte querellada con copia de la querella, apercibiéndole que deberá radicar su contestación por escrito, con constancia de haber servido copia de la misma al abogado de la parte querellante o a ésta si hubiere comparecido por derecho propio, dentro de diez (10) días después de la notificación, si ésta se hiciere en el distrito judicial en que se promueve la acción, y dentro de quince (15) días en los demás casos, y

---

[11] *Íd.*, pág. 498.
[12] *Íd.*; *Medina Nazario* v. *Mcneil Healthcare LLC*, 194 DPR 723, 732-733 (2016).
[13] *Medina* v. 194 DPR, pág. 733.
[14] *Íd.*
[15] *Vizcarrondo Morales* v. *MVM, Inc.*, 174 DPR 921, 929 (2008).

apercibiéndole, además, que si así no lo hiciere, se dictará sentencia en su contra, concediendo el remedio solicitado, sin más citarle ni oírle. Solamente a moción de la parte querellada, la cual deberá notificarse al abogado de la parte querellante o a ésta si compareciere por derecho propio, en que se expongan bajo juramento los motivos que para ellos tuviere la parte querellada, podrá el juez, si de la faz de la moción encontrara causa justificada, prorrogar el término para contestar. En ningún otro caso tendrá jurisdicción el tribunal para conceder esa prórroga.[16]

De esta normativa surge el deber inequívoco del tribunal de darle un cumplimiento cabal al procedimiento dispuesto en la Ley Núm. 2-1961 ya que carece de jurisdicción para extender el término para contestar una querella, a menos que se observen los criterios o las normas procesales para la concesión de una prórroga.[17] Una vez notificado de la querella, el patrono querellado deberá presentar una sola alegación responsiva en la cual incluirá todas sus defensas y objeciones, entendiéndose que renuncia a todas las defensas u objeciones que no incluya en dicha alegación responsiva.[18]

Según la Sección 4 de la citada Ley,[19] el incumplimiento, ya sea con el término dispuesto para contestar la querella o, en la alternativa, con los criterios para solicitar la prórroga antes aludida, conlleva que el tribunal dicte sentencia contra el querellado, a instancias del querellante, concediendo a su vez el remedio solicitado. Dicha sentencia es final e inapelable. Es decir, pasado el término para que el patrono conteste la querella sin que ello ocurra y sin que se haya solicitado prórroga, el tribunal sólo tiene la jurisdicción para anotar la rebeldía y dictar la sentencia.[20]

Respecto a la conversión del procedimiento sumario a uno ordinario, ciertamente, el foro de instancia posee discreción para determinar si la querella presentada amerita ser tramitada por la vía ordinaria. Al hacer esa determinación el Tribunal de Primera

---

[16] 32 LPRA § 3120.
[17] *Valentín* v. *Housing Promoters, Inc.*, 146 DPR 712 (1998); *Mercado Cintrón* v. *Zeta Com., Inc.*, 135 DPR 737 (1994).
[18] 32 LPRA § 3120.
[19] 32 LPRA § 3121.
[20] *Vizcarrondo* v. 174 DPR, pág. 929.

Instancia tiene discreción para concluir que, luego de un análisis cuidadoso de la naturaleza de la reclamación y de los intereses involucrados, concluir que la querella presentada por el obrero sea tramitada por la vía ordinaria.[21]

En fin, examinado detenidamente el recurso, concluimos, que, estamos ante un dictamen interlocutorio no revisable mediante *certiorari*, pues, no contiene los elementos excepcionales que nos permitirían acogerlo y atenderlo. La determinación recurrida no es contraria a las normas establecidas ni el Foro *a quo* incurrió en abuso de discreción al decidir.

IV.

Por los fundamentos antes expuestos, *desestimamos* el recurso incoado por falta de jurisdicción.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[21] *Ocasio* v. *Kelly Servs.*, 163 DPR 653 (2005); *Berríos* v. *González*, 151 DPR 327 (2000).