CC-2000-492                                                    1

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Francisco Javier Rodríguez González<br>    Querellante-Recurrido<br><br>           v.<br><br>Interactive Systems, Inc.<br>    Querellada-Peticionaria | Certiorari<br><br>2001 TSPR 21 |

Número del Caso: CC-2000-492

Fecha: 23/febrero/2001

Tribunal de Circuito de Apelaciones:

Circuito Regional I

Panel integrado por su Presidente, el Juez Arbona Lago, y los Jueces Cordero y Urgell Cuebas

Abogados de la Parte Peticionaria:

Lcdo. Carlos V. J. Dávila
Lcda. Vivian I. Neptune Rivera
Lcdo. Juan J. Casillas Ayala

Abogados de la Parte Recurrida:

Lcda. Lourdes G. Aguirrechu Salom
Lcdo. Guillermo Ramos Luiña

Materia: Despido Injustificado

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


Francisco Javier Rodríguez
González

        Querellante-Recurrido

                v.                              CC-2000-492        Certiorari

Interactive Systems, Inc.

        Querellada-Peticionaria


SENTENCIA

San Juan, Puerto Rico, a 23 de febrero de 2001.

I

El 24 de agosto de 1999, el Sr. Francisco J. Rodríguez González (en adelante, "recurrido"), presentó querella contra su patrono, Interactive Systems, Inc. (en adelante, "peticionaria"), por alegado despido injustificado al amparo de la Ley Núm. 80 de 30 de mayo de 1976, según enmendada, 29 L.P.R.A. sec. 185 *et seq.* El recurrido se acogió además al procedimiento sumario establecido en la Ley Núm. 2 de 17 de octubre de 1961, según enmendada, 32 L.P.R.A. sec. 3118 *et seq.* (en adelante, "Ley Núm. 2").

El 10 de septiembre de 1999 la peticionaria contestó la querella. Simultáneamente con la contestación a la querella, y de conformidad a la Regla 27.1 y 27.2 de Procedimiento Civil, 32 L.P.R.A. Ap. III, la peticionaria le notificó por escrito al recurrido un Aviso de Toma de Deposición y Producción de Documentos. Se le requirió al recurrido también que trajera consigo una serie de documentos, entre ellos los estados de cuenta de sus tarjetas de crédito correspondientes a los años 1998 y 1999. Apéndice, pág. 75.

El 12 de octubre de 1999, el recurrido compareció a su deposición. Sin embargo, la misma tuvo que suspenderse luego de que el recurrido objetara ciertas preguntas. Éste se negó a contestar las preguntas alegadamente porque la información solicitada era privilegiada e impertinente. Por su parte, el 19 de octubre de 1999, el recurrido le envió a la peticionaria un Aviso de Toma de Deposición y Producción de Documentos.[1]

El 15 de noviembre de 1999 la peticionaria presentó una moción ante el Tribunal de Primera Instancia (TPI) solicitando que ordenase al recurrido contestar las preguntas objetadas y la continuación de la deposición, con imposición de costas. Además, solicitó al tribunal que ordenase al recurrido producir ciertos documentos. Apéndice, pág. 23.

Luego de múltiples trámites, el 8 de febrero de 2000, el TPI dictó Resolución y Orden declarando con lugar lo solicitado por la peticionaria. El tribunal además le impuso a la abogada del recurrido el pago de cien dólares ($100.00) por concepto de honorarios de abogado y el pago de los gastos de la deposición de 12 de octubre de 1999. A su vez, el tribunal dejó sin efecto el Aviso de Toma de Deposición y Producción de Documentos presentados por el recurrido y le ordenó que no notificara ningún aviso para tomar deposición a la peticionaria hasta que no concluyese la toma de deposición comenzada el 12 de octubre de 1999.

En vista de lo anterior, el 6 de abril de 2000 la peticionaria dio nuevamente Aviso de Toma de Deposición y Producción de Documentos para el 1 de mayo de 2000.

El 26 de abril de 2000 el recurrido presentó un recurso de certiorari y solicitud de orden provisional en auxilio de jurisdicción ante el Tribunal de Circuito de Apelaciones (TCA) con el propósito de paralizar la toma de su deposición alegando que la resolución del TPI de 8 de febrero de 2000 no era procedente en derecho.

Dos días más tarde, el 28 de abril de 2000, el TCA dictó la siguiente Resolución que dispone en parte:

> Este Tribunal ha revisado la petición de Certiorari y la moción en auxilio de jurisdicción presentadas por la parte peticionaria de epígrafe, Francisco Javier Rodríguez

---

[1] El recurrido pautó la toma de deposición para el 16 de noviembre de 1999.

González. Concluimos que la controversia planteada ante este Tribunal cae dentro de una de las excepciones señaladas por el Tribunal Supremo en el caso de [*Dávila, Rivera v. Antilles Shipping, Inc.*, res. el 12 de febrero de 1999, 99 T.S.P.R. 12, 147 D.P.R. __,] 99 J.T.S. 10, [en] la pág. 540, razón por la cual la petición de Certiorari es acogida.

Adicionalmente, el TCA señaló una vista oral para el 8 de junio de 2000.

Oportunamente, la peticionaria solicitó reconsideración de la resolución del TCA el 5 de mayo de 2000. No obstante, la misma fue declarada sin lugar mediante resolución ese mismo día.[2]

El 31 de mayo de 2000, la peticionaria acudió ante nos mediante petición de certiorari y solicitud de orden provisional en auxilio de jurisdicción.[3] El 6 de junio de 2000 expedimos el recurso de certiorari.

Teniendo el beneficio de las respectivas posiciones de las partes, resolvemos.

II

En *Dávila, Rivera v. Antilles Shipping, Inc.*, *supra*, establecimos una norma importante de autolimitación de nuestra jurisdicción apelativa y la del TCA. Indicamos que la revisión de resoluciones interlocutorias es contraria al carácter sumario del procedimiento bajo la Ley Núm. 2, *supra*, y que por tal razón, la facultad de revisar dichas resoluciones de los tribunales apelativos es limitada. *Íd.*, pág. 539. Así, tanto este Tribunal como el TCA deben abstenerse de revisar dichas resoluciones. *Íd.* "En consecuencia, la parte que pretenda impugnar tales

---

[2] Sin embargo, no fue sino hasta el 12 de mayo de 2000 que fue notificada.

[3] La peticionaria ha formulado tres señalamientos de error:

A. Erró el Tribunal de Circuito de Apelaciones al "acoger" la petición de certiorari presentada por Rodríguez por tratarse de una solicitud de revisión de una resolución interlocutoria, sujeta al ejercicio discrecional del Tribunal de Primera Instancia, la cual fue dictada en el contexto del procedimiento de descubrimiento de prueba en un caso bajo el trámite sumario establecido en la Ley Núm. 2.

B. Erró el Tribunal de Circuito de Apelaciones al resolver que aplica a la controversia del presente caso una de las excepciones establecidas en el caso [*Dávila, Rivera v. Antilles Shipping, Inc.*,] *supra*, sin especificar cual de las excepciones y sin haberle dado oportunidad a la peticionaria de exponer su posición sobre el particular.

continúa...

[3]...continuación

C. Erró el Tribunal de Circuito de Apelaciones al paralizar *de facto* los procedimientos ante el Tribunal de Primera Instancia y al señalar una vista oral para el 8 de junio de 2000 en el presente caso, lo que

resoluciones interlocutorias, deberá esperar hasta la sentencia final e instar contra ella el recurso pertinente a base del alegado error cometido". *Íd*.

Sin embargo, advertimos que la norma establecida "no es absoluta". *Íd*., pág. 540. Resolvimos que, a modo de excepción, los tribunales apelativos deben mantener y ejercer su facultad para revisar vía certiorari aquellas resoluciones interlocutorias dictadas en un procedimiento sumario bajo la Ley Núm. 2, *supra*, que hayan sido dictadas por el TPI de forma *ultra vires*, o sea, sin jurisdicción. *Íd*. Además, como segunda excepción, dijimos que los tribunales apelativos pueden ejercer su facultad revisora en aquellos casos **extremos** en los cuales los fines de la justicia requieran la intervención del foro apelativo. Es decir, "en aquellos casos extremos en que la revisión inmediata, en esa etapa, disponga del caso, o [haga viable] su pronta disposición, en forma definitiva[;] o cuando dicha revisión inmediata tenga el efecto de evitar una 'grave injusticia' ('miscariage [*sic*] of justice')." *Íd*., pág. 540.

En el caso de autos el recurrido se acogió al procedimiento sumario provisto por la Ley Núm. 2, *supra*. Luego de varios incidentes durante el descubrimiento de prueba en instancia, el recurrido acudió al TCA para revisar una resolución interlocutoria emitida por el TPI. Dos días después el TCA acogió el recurso de certiorari presentado por el recurrido alegadamente porque el recurso "cae dentro de una de las excepciones" señaladas por este Tribunal en el caso de *Dávila, Rivera v. Antilles Shipping, Inc.*, *supra*.

Resolvemos que el TCA erró **al "acoger" la petición de certiorari presentada por el recurrido y no especificar bajo cuál de las excepciones del caso citado caía la controversia planteada por el recurrente en su recurso de certiorari.**

Ahora bien, ¿está presente en el caso de autos alguna de las excepciones señaladas en *Dávila, Rivera v. Antilles Shipping, Inc.*, *supra*? Resolvemos la interrogante en la negativa.

Debemos recordar que al dictar su Resolución y Orden de 8 de febrero de 2000, el TPI requirió a la parte recurrida contestar ciertas preguntas en una deposición, producir ciertos documentos y ordenó a la abogada de la parte recurrida a pagar cien dólares ($100) en concepto de honorarios de abogado y el pago de los gastos de la deposición interrumpida.

Claramente, el TPI actuó con jurisdicción cuando dictó dicha resolución, por lo que su dictamen no fue *ultra vires*. Además, no creemos que el caso de autos sea un caso extremo, donde se haya cometido una "grave injusticia". Asimismo, resulta

ocasiona dilaciones adicionales a los procedimientos en instancia.

claramente que la revisión del TCA en esta etapa no dispone del caso en forma definitiva.

Por lo tanto, forzoso es concluir que el TCA erró al considerar el caso en esta etapa de los procedimientos. Conforme a lo resuelto en *Dávila, Rivera v. Antilles Shipping, Inc.*, *supra*, el TCA debió abstenerse de revisar la resolución interlocutoria de instancia de 8 de febrero de 2000.

El recurrido deberá esperar hasta que el TPI dicte sentencia final en su caso para entonces, si así lo desea, instar el recurso que en derecho sea procedente.

Habiéndose expedido el auto de certiorari, se revoca la resolución dictada por el Tribunal de Circuito de Apelaciones el 28 de abril de 2000. En consecuencia, la parte recurrida deberá cumplir con la Resolución y Orden de 8 de febrero de 2000 del Tribunal de Primera Instancia. Se devuelve el caso al foro de instancia para que continúen los procedimientos de conformidad con lo aquí dispuesto.

Lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. La Juez Asociada señora Naveira de Rodón disiente sin opinión escrita. El Juez Asociado señor Fuster Berlingeri disiente con opinión escrita. El Juez Presidente señor Andréu García no intervino.


                                        Isabel Llompart Zeno
                                        Secretaria del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Francisco Javier Rodríguez
González

    Recurrido

        vs.                           CC-2000-492          Certiorari

Interactive Systems, Inc.

    Peticionaria

Opinión Disidente emitida por el Juez Asociado señor FUSTER BERLINGERI.

San Juan, Puerto Rico, a 23 de febrero de 2001.

En el caso de autos, una mayoría del Tribunal resuelve que el Tribunal de Circuito de Apelaciones (TCA) erró al asumir jurisdicción para revisar una resolución interlocutoria del foro de instancia. Según la mayoría, por tratarse de una resolución dictada en un procedimiento sumario al amparo de la Ley Núm. 2 de 17 de octubre de 1961, 32 L.P.R.A. sec. 3118 et seq. (Ley Núm. 2), no procedía que se acogiese tal solicitud de revisión.

Disiento de este dictamen porque se fundamenta en una interpretación errada de lo que resolvimos en <u>Dávila, Rivera v. Antilles Shipping, Inc.</u>, res. el 12 de febrero de 1999, 147 D.P.R. ___, 99 TSPR 12, 99 JTS 10, que resulta en un perjuicio contra los trabajadores a quienes procuramos favorecer con la decisión referida. Veamos.

I

El caso de autos ofrece un ejemplo de las fallas del positivismo conceptualista en el proceso decisional jurídico, que ocurre cuando las normas se aplican mecánicamente con arreglo sólo a algún sentido literal de éstas, desconectada tal aplicación de los propósitos sociales y de las razones que dieron lugar a dichas normas y que las justifican.

En Dávila, Rivera v. Antilles Shipping, supra, nos enfrentamos a la situación de un **patrono** que solicitó la revisión de una resolución interlocutoria del foro de instancia, que le autorizaba a un empleado que reclamaba salarios a tomarle una deposición a unos funcionarios del patrono. Resolvimos entonces que de ordinario en casos tramitados al amparo de la Ley Núm. 2, los foros apelativos no debían atender las solicitudes de revisión de órdenes interlocutorias de instancia **porque ello podría tener el efecto de dilatar la pronta resolución de las reclamaciones de los trabajadores**. Estimamos allí que la revisión judicial de tales órdenes en estos procedimientos socavaría su carácter sumario, que fue dispuesto por el legislador precisamente para proteger a los trabajadores en contra de demoras y dilaciones procesales por parte del patrono. En otras palabras, nuestra decisión en Dávila, Rivera v. Antilles Shipping, supra, constituye realmente una extensión de la Ley Núm. 2, una interpretación complementaria de ésta, fundamentada en el sentido de la propia Ley Núm. 2, que provee un procedimiento sumario para evitar que un trabajador que reclama su sustento contra un patrono no quede desvalido por la larga duración de los procesos judiciales.

Nuestra decisión en Dávila, Rivera v. Antilles Shipping, supra, pues, no se emitió para darle a los patronos una inmunidad procesal contra el legítimo proceder de un trabajador de cuestionar ante el foro apelativo una errada resolución de instancia que le es seriamente adversa. Si el trabajador reclamante, a favor de quien existe la sumariedad de la Ley Núm. 2, se ve necesitado de renunciarla en parte, para conjurar un mal mayor que afecta su procedimiento ante el foro de instancia, poco sentido jurídico tiene resolver como hace la mayoría en el caso de autos, que le está vedada la revisión judicial que el trabajador interesa.

El dictamen de la mayoría aquí, pues, constituye una distorsión de lo que resolvimos en Dávila, Rivera v. Antilles Shipping, supra. Se invierte la finalidad y el sentido de nuestra decisión en ese caso, al convertir en camisa de fuerza en contra del trabajador una medida que adoptamos para favorecerlo.

II

El dictamen de la mayoría en la sentencia de autos está errado por otra razón más. En Dávila, Rivera v. Antilles Shipping, supra, resolvimos que la improcedencia de la revisión judicial de resoluciones interlocutorias en casos tramitados al amparo de la Ley Núm. 2 no era absoluta; que procedía tal revisión **"si los fines de la justicia requieren la intervención del foro apelativo"**. La mayoría, **que no relata todos los hechos pertinentes de este caso en su sentencia**, decreta por puro *fiat*, que aquí no se justificaba la intervención del foro apelativo. Preguntamos: **¿POR QUE NO?**

El trabajador reclamante en este caso acudió ante el foro apelativo para protegerse de un intenso proceso de descubrimiento de prueba desplegado por el patrono, el cual tenía, cuando menos, carácter opresivo y hostigante. Se le había requerido al trabajador, en una deposición, que divulgara el contenido de una **conversación telefónica** que éste había tenido **cuatro meses después de su despido** con una tercera persona, que nada tenía que ver con los hechos del despido. Se le había requerido, además, que el trabajador contestara unas preguntas referentes a su relación con dos damas que eran amigas íntimas de éste. También se le requirió que produjese los estados de cuenta de sus tarjetas de crédito durante dos años, incluyendo un período durante el cual el trabajador no era empleado del patrono. El trabajador solicitó la protección del foro de instancia en contra de la deposición referida, aduciendo correctamente que la información requerida no sólo era impertinente sino que, además, atentaba contra el derecho a la intimidad suya y de las otras personas concernidas. El foro de instancia no sólo no ofreció la protección solicitada por el trabajador, sino que **le impuso una sanción monetaria a la abogada de éste** por recomendarle a su cliente que no contestara las preguntas referidas. Por ello, no le quedó más remedio al trabajador que acudir en revisión ante el foro apelativo. Este no sólo determinó que tenía jurisdicción para considerar el recurso **sino que, además, determinó correctamente que el trabajador no tenía que contestar las preguntas referidas ni producir los estados de cuenta mencionados antes**.

Nótese que si el trabajador no podía acudir al foro apelativo al momento en que lo hizo, el medular asunto que planteó allí **se hubiese convertido en académico**. De nada le servía invocar el derecho a la intimidad en cuestión al final del pleito en instancia, una vez el trabajador hubiese revelado al patrono la información privilegiada que le había sido requerida, y que él objetaba. Es decir, el trabajador tenía aquí **una reclamación sobre la posible violación crasa de uno de los derechos fundamentales de nuestro ordenamiento jurídico, que requería ser adjudicada precisamente antes de continuar con los procedimientos de instancia**. ¿Cómo puede entonces la mayoría decretar por puro *fiat*, sin explicación o análisis alguno, que ésta no era una de las situaciones especiales de excepción que previmos en Dávila, Rivera v. Antilles Shipping, supra, que ameritaba la revisión judicial de una resolución interlocutoria? Si ésta no la es, ¿cuál sí? Aquí, de nuevo, se interpreta Dávila, Rivera v. Antilles Shipping, supra, erróneamente, con  poco sentido jurídico.

III

Como la mayoría incurre, según mi criterio, en una interpretación doblemente equivocada de nuestra decisión en Dávila, Rivera v. Antilles Shipping, supra, y con ello se le hace una injusticia a un trabajador, yo **disiento**.

JAIME B. FUSTER BERLINGERI
JUEZ ASOCIADO