# 2006 DTA 55

**TRIBUNAL DE APELACIONES
REGIÓN JUDICIAL DE PONCE
PANEL X**

VANESSA TÚA GONZÁLEZ
Recurrida

v.

PUERTO RICO CABLE ACQUISITION & CENTENNIAL CABLE TV DE PUERTO RICO
Peticionaria

Núm. KLCE-06-00277

San Juan, Puerto Rico, a 8 de marzo de 2006

Panel integrado por su Presidente, el Juez Brau Ramírez,
el Juez Colón Birriel y la Juez Hernández Torres

Brau Ramírez, Juez Ponente

## TEXTO COMPLETO DE LA RESOLUCIÓN

### I

La parte peticionaria, Puerto Rico Cable Acquisition Corporation h/n/c Centennial Cable T.V. ("*Centennial*"), es una corporación autorizada a hacer negocios en Puerto Rico, dedicada a proveer servicios de Cable T.V. a clientes en el área sur y oeste de Puerto Rico.

La recurrida Vanessa Túa González reside en Ponce. La recurrida comenzó a trabajar con Centennial en septiembre de 2000, como representante de servicio al cliente. Trabajaba bajo un contrato sin término fijo.

Las funciones de la recurrida le requerían atender al público. La recurrida alega que durante el tiempo que trabajó con Centennial su desempeño fue eficiente y sobresaliente.

A principios de noviembre de 2004, la recurrida le notificó a uno de los oficiales de la empresa, Sr. José Pagán, que su compañero consensual había dado muerte a otra persona. La recurrida le comentó al Sr. Pagán que estaba preocupada por la reacción de los familiares del difunto.

Según la recurrida, el Sr. Pagán le recomendó que se tomara unas vacaciones, lo que la recurrida hizo. Posteriormente, la recurrida solicitó que se le trasladara a una plaza donde no tuviera que atender personas. Según la recurrida, el Sr. Pagán decidió trasladarla. El 6 de diciembre de 2004, el supervisor de la recurrida, el Sr. Hiram Cruz, le indicó que, por ser buena en ventas, la iban a mover al área de Telemercadeo y que no se preocupara.

No obstante, al día siguiente, el 7 de diciembre de 2004, el Sr. Cruz le notificó a la recurrida que la compañía había decidido despedirla, en vista de su situación. La recurrida fue despedida sin que se le pagara compensación. █

Varios meses después, en mayo de 2005, la recurrida instó la presente querella por discrimen y despido injustificado contra Centennial ante el Tribunal de Primera Instancia, Sala Superior de Ponce, bajo la Ley Núm. 100 de 30 de junio de 1959, según enmendada, 29 L.P.R.A. secs. 146 y ss., y la Ley Núm. 80 de 30 de mayo de 1976, según enmendada, 29 L.P.R.A. sec. 185a y ss.

En su querella, la recurrida alegó que su despido había sido injustificado y que había estado motivado en un discrimen por su condición social. La recurrida solicitó acogerse al procedimiento sumario establecido por la Ley Núm. 2 de 17 de octubre de 1961, 32 L.P.R.A. secs. 3118 y ss.

Centennial contestó la querella y admitió que la recurrida había sido despedida por motivo del problema de seguridad, provocado por el homicidio perpetrado por su compañero consensual. Centennial, sin embargo, alegó que su decisión no constituia un discrimen por condición social, conforme a nuestro ordenamiento y que su decisión de despedir a la recurrida había sido justificada.

Oportunamente, Centennial presentó una moción de sentencia sumaria en la que alegó que no existía controversia real sustancial sobre los hechos materiales y planteó que la recurrida carecía de causa de acción en su contra.

La recurrida se opuso a la moción de Centennial.

Luego de otros trámites, el 15 de diciembre de 2005, el Tribunal de Primera emitió la resolución recurrida y denegó la moción de sentencia sumaria presentada por Centennial.

En su resolución, el Tribunal de Primera Instancia concluyó que existía controversia sobre los hechos del caso, aunque no detalló los hechos específicos que entendía estaban en controversia.

Insatisfecha, Centennial acudió ante este Tribunal.

## II

En su recurso, Centennial plantea que el Tribunal de Primera Instancia erró al denegar su moción de sentencia sumaria. Centennial alega que la recurrida carece de causa de acción bajo la Ley 100, porque las alegaciones de su querella no configuran un discrimen por condición social y que tampoco existe controversia en torno a que Centennial contaba con razones legítimas de negocios para despedir a la peticionaria.

La citada Ley Núm. 2 de 17 de octubre de 1961, según se conoce, establece un procedimiento sumario para las reclamaciones laborales, 32 L.P.R.A. secs. 3118 y ss.

La esencia de dicho procedimiento es proveer un mecanismo procesal que logre una rápida consideración y adjudicación de las querellas presentadas por obreros y empleados, de modo que se proteja el empleo, se desaliente el despido sin justa causa y se provea al obrero despedido de medios económicos para su subsistencia mientras consigue un nuevo empleo. Véanse, *Ocasio v. Kelly Servs., Inc.,* 163 D.P.R. ___ (2005), **2005 J.T.S. 9**, a la pág. 637; *Lucero v. San Juan Star,* 159 D.P.R. ___ (2003), **2003 J.T.S. 81**, a la pág. 1,031; *Ríos Moya v. Industrial Optics,* 155 D.P.R. ___ (2001), **2001 J.T.S. 121**, a las págs. 51-52; *Rodríguez v. Syntex P.R., Inc.,* 148 D.P.R. 604, 612 (1999); *Piñero v. A.A.A.,* 146 D.P.R. 890, 897 (1998); *Rivera v. Insular Wire Products Corp.,* 140 D.P.R. 912, 923 (1996); *Srio. del Trabajo v. J.C.Penney Co.,* 119 D.P.R. 660, 665 (1987).

Este procedimiento está disponible, para reclamaciones de cualesquiera derechos o beneficios laborales, incluyendo reclamaciones por despido injustificado o discriminatorio. 32 L.P.R.A. sec. 3118; véanse, además, *Berríos v. González et al.,* 151 D.P.R. 327, 339 (2000); *Piñero v. A.A.A.,* 146 D.P.R. a las págs. 900-901.

Para lograr los fines perseguidos por el estatuto, la Ley establece términos cortos para la contestación de la querella. También se provee una limitación al uso de los mecanismos de descubrimiento de prueba, así como una prohibición a la presentación de reconvenciones contra el querellante, y otras garantías para preservar la naturaleza sumaria del procedimiento. 32 L.P.R.A. sec. 3120; *Lucero v. San Juan Star,* **2003 J.T.S. 81**, a la pág. 1,031; *Hernández v. Espinosa,* 145 D.P.R. 248, 257-258 (1998); *Mercado Cintrón v. Zeta Com., Inc.,* 135 D.P.R. 737, 744-745 (1994).

El incumplimiento con los términos establecidos en el estatuto conlleva que el caso se adjudique en rebeldía contra el querellado. 32 L.P.R.A. sec. 3121; *Ocasio v. Kelly Servs., Inc.,* **2005 J.T.S. 9**, a la pág. 639; *León v. Rest. El Tropical,* 154 D.P.R. 249, 261 (2001); *Rodríguez v. Syntex P.R., Inc.,* 148 D.P.R. a la pág. 613; *Mercado Cintrón v. Zeta Com., Inc.,* 135 D.P.R. a las págs. 743-744.

Para preservar el carácter sumario del procedimiento, no se favorece la revisión de incidentes de naturaleza interlocutoria acaecidos en los Tribunales de Primera Instancia, en casos bajo la Ley Núm. 2.

El Tribunal Supremo de Puerto Rico ha advertido que este tipo de decisiones interlocutorias no deben ser revisadas por este Tribunal mediante autos de *certiorari*, excepto cuando se trate de situaciones excepcionales o cuando se trate de un claro planteamiento jurisdiccional. Véanse, *Alfonso Brú v. Trane Export, Inc.,* 155 D.P.R. ___ (2001), **2001 J.T.S. 132**, a la pág. 141; *Ruiz v. Col. San Agustín,* 152 D.P.R. 226, 232 (2000); *Dávila, Rivera v. Antilles Shipping, Inc.,* 147 D.P.R. 483, 497-498 (1999); véanse, además, *Rodríguez et al. v. Rivera et*

*al.,* 155 D.P.R. ___ (2002), **2002 J.T.S. 2**; *Rodríguez v. Interactive Syst., Inc.,* 153 D.P.R. 469 (2001).

En el presente caso, la recurrida presentó una querella contra Centennial por discrimen y despido injustificado bajo la Ley 80 de 30 de mayo de 1976, 29 L.P.R.A. secs. 185a y ss., y la Ley 100 de 30 de junio de 1959, 29 L.P.R.A. secs. 146 y ss.

La Ley 80, según se conoce, confiere a todo empleado contratado sin tiempo determinado, que fuere despedido sin justa causa, el derecho a recibir de su patrono, además del sueldo que hubiera devengado, una indemnización correspondiente de uno a tres meses de sueldo, dependiendo del número de años de servicio del empleado, y una indemnización progresiva adicional equivalente a una semana de sueldo por cada año de servicio. 29 L.P.R.A. sec. 185a; véase, *García v. Aljoma Lumber, Inc.,* 163 D.P.R. ___ (2004), **2004 J.T.S. 131**, a la pág. 58; *Santiago v. Oriental Bank & Trust,* 157 D.P.R. ___ (2002), **2002 J.T.S. 89**, a la pág. 1,287, n.7; *Díaz v. Wyndham Hotel Corp.,* 155 D.P.R. ___ (2001), **2001 J.T.S. 146**, a la pág. 260; *Irizarry v. J & J Cons. Prods., Co., Inc.,* 150 D.P.R. 155, 166, n. 10 (2000).

El Artículo 5 de la Ley define despido como la cesantía del empleado, su suspensión indefinida o por un término que exceda de tres (3) meses. Dicho precepto también contempla como un despido la renuncia del empleo motivada por las actuaciones del patrono dirigidas a forzarlo a renunciar. 29 L.P.R.A. sec. 185e; *S.L.G. Hernández-Beltrán v. TOLIC,* 151 D.P.R. 754, 777 (2000); *Soc. de Gananciales v. Royal Bank de P.R.,* 145 D. P.R. 178, 198 (1998); *Vélez de Reilova v. Palmer Bros. Inc.,* 94 D.P.R. 175, 179 (1967).

No existe, sin embargo, una prohibición absoluta contra el despido de un empleado. Si existe justa causa, el empleado puede ser despedido. *Santiago v. Kodak Caribbean, Ltd.,* 129 D.P.R. 763, 775 (1992).

El Artículo 2 de la Ley dispone que existe justa causa para el despido cuando, *inter alia,* el obrero siga un patrón de conducta impropia o desordenada; no rinda su trabajo en forma eficiente o lo haga tardía y negligentemente o en violación de las normas de la empresa sobre la calidad del producto; incurra en una violación reiterada de las reglas y reglamentos para el funcionamiento del establecimiento; ocurra un cierre total, temporero o parcial de las operaciones del establecimiento; se haga necesario por los cambios tecnológicos o de reorganización de la empresa, así como los de estilo, diseño o de la naturaleza del producto que se produce o se maneja y los de servicios rendidos al público. 29 L.P.R.A. sec. 185b; véanse, *Rivera v. Pan Pepín, Inc.,* 161 D.P.R. ___ (2004), **2004 J.T.S. 68**, a la pág. 947; *S.L.G. Hernández-Beltrán v. T.O.L.I.C.,* 151 D.P.R. a la pág. 778, n. 16; *García v. Darex P.R., Inc.,* 148 D.P.R. 364, 375, n.12 (1999); *Narváez v. The Chase Manhattan Bank,* 120 D.P.R. 731, 737 (1988); *Srio. del Trabajo v. I.T.T.,* 108 D.P.R. 536, 541-542 (1979).

El estatuto también dispone que existe justa causa para despedir a un empleado cuando el despido es atribuible a *"[r]educciones en el empleo que se hacen necesarias debido a una reducción en el volumen de producción, ventas o ganancias anticipadas o que prevalecen al ocurrir el despido".* 29 L.P.R.A. sec. 185b; *García v. Darex P.R., Inc.,* 148 D.P.R. a la pág. 383; *Narváez v. The Chase Manhattan Bank,* 120 D.P.R. a la pág. 737; *Srio. del Trabajo v. I.T.T.,* 108 D.P.R. a la pág. 542; véase, *P.R. Cap. & Tires Sales v. Tribunal,* 68 D.P.R. 398 (1948). Finalmente, se dispone que *"[n]o se considerará despido por justa causa aquél que se hace por mero capricho del patrono o sin razón relacionada con el buen y normal funcionamiento del establecimiento".* 29 L.P.R.A. sec. 185b.

Las causas enumeradas en el precepto no son taxativas. El concepto de *"justa causa"*, bajo el estatuto, es dinámico y se nutre de múltiples y fluidas situaciones imposibles de prever. *Rivera v. Pan Pepín, Inc.,* **2004 J. T.S. 68**, a la pág. 947; *Srio. del Trabajo v. G.P. Inds., Inc.,* 153 D.P.R. 223, 243 (2001).

La Ley 80 no favorece, sin embargo, que el patrono despida al empleado como sanción a una primera falta o infracción, salvo cuando por la gravedad y potencial de agravio de la conducta en cuestión se haya puesto en

riesgo, el orden, la seguridad o la eficiencia del establecimiento. *Rivera v. Pan Pepín, Inc.,* **2004 J.T.S. 68**, a la pág. 948; *Jusino et als. v. Walgreens,* 155 D.P.R. ___ (2001), **2001 J.T.S. 154**, a las págs. 371-372; *Srio. del Trabajo v. G.P. Inds., Inc.,* **2001 J.T.S. 7**, a la pág. 757; *Delgado Zayas v. Hosp. Int. Med. Avanzada,* 137 D.P.R. 643, 650 (1994); *Srio. del Trabajo v. I.T.T.,* 108 D.P.R. a las págs. 542-543.

El Tribunal Supremo de Puerto Rico ha aclarado que, para que violaciones a las normas de trabajo constituyan justa causa para el despido, el patrono tiene que establecer: (1) la razonabilidad de las normas establecidas para el funcionamiento del establecimiento; (2) que le suministró copia escrita de éstas al empleado; y (3) que el empleado las violó en reiteradas ocasiones. *Jusino et als. v. Walgreens,* **2001 J.T.S. 154**, a las págs. 371-372; *Rivera Águila v. K-Mart de Puerto Rico,* 123 D.P.R. 599, 613-614 (1989); *Srio. del Trabajo v. I.T.T.,* 108 D.P.R. a las págs. 542-543.

El principio rector es que la conducta esté vinculada a la ordenada marcha y normal funcionamiento de la empresa, y no en libre arbitrio o capricho del patrono. *Srio. del Trabajo v. G.P. Inds., Inc.,* 153 D.P.R. a la pág. 244.

La Ley establece una presunción de que el despido del empleado fue injustificado, correspondiendo al patrono rebatir la misma mediante preponderancia de la evidencia. *Rivera v. Pan Pepín, Inc.,* **2004 J.T.S. 68**, a las págs. 947-948; *Díaz v. Wyndham Hotel Corp.,* **2001 J.T.S. 146**, a las págs. 261-262; *Belk v. Martínez,* 146 D.P.R. 215, 230-231 (1998); *Delgado Zayas v. Hosp. Int. Med. Avanzada,* 137 D.P.R. a la pág. 650; *Soto v. Hotel Caribe Hilton,* 137 D.P.R. 294, 303-304 (1994); *Báez García v. Cooper Labs., Inc.,* 120 D.P.R. 145, 152 (1987).

Por su parte, la Ley 100 establece una causa de acción por daños contra todo patrono que *"despida, suspenda o discrimine contra un empleado suyo ..."* por, entre motivos ilícitos, *"origen ... o condición social".* 29 L.P.R.A. sec. 146; véanse, *S.L.G. Afanador v. Roger Electric Co., Inc.,* 156 D.P.R. ___ (2002), **2002 J.T.S. 62**, a las págs. 1,022-1,023; *Piñero v. A.A.A.,* 146 D.P.R. a la pág. 902; *López Vicil v. ITT Intermedia, Inc.,* 142 D.P.R. 857, 863 (1997); *Santini Rivera v. Serv. Air, Inc.,* 137 D.P.R. 1, 4 (1994); *Odriozola v. S. Cosmetic Dist. Corp.,* 116 D.P.R. 485, 494 (1985).

El estatuto concede al empleado afectado el derecho a ser repuesto en su plaza y a recibir una compensación igual al doble de los daños sufridos. 29 L.P.R.A. secs. 146 y 147a; *López Vicil v. ITT Intermedia, Inc.,* 142 D.P.R. a las págs. 866-868; *García Pagán v. Shiley Caribbean, etc.,* 122 D.P.R. 193, 209 (1988).

Se presume que la actuación del patrono ha sido discriminatoria cuando ha sido efectuada sin justa causa. El patrono tiene el peso para refutar dicha presunción. 29 L.P.R.A. sec. 148; *Díaz v. Wyndham Hotel Corp.,* **2001 J.T.S. 146**, a la pág. 263; *Alberty v. Bco. Gub. de Fomento,* 149 D.P.R. 655, 663 (1999); *Ibáñez v. Molinos de Puerto Rico,* 114 D.P.R. 42, 50-52 (1983).

En la situación de autos, Centennial solicitó la desestimación sumaria de la querella de la recurrida y alegó que ésta carecía de causa de acción en su contra.

La Regla 36.3 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 36.3, según se conoce, autoriza al tribunal a dictar sentencia sumaria cuando *"no existe controversia real sustancial en cuanto a ningún hecho material y ... como cuestión de derecho debe dictarse sentencia sumaria a favor de la parte promovente."* Véase, en general, *Vera et al. v. Dr. Bravo et als.,* 161 D.P.R. ___ (2004), **2004 J.T.S. 40**, a la pág. 744; *P.A.C. v. E.L.A. I,* 150 D.P.R. 359, 374 (2000); *Tello, Rivera v. Eastern Airlines,* 119 D.P.R. 83, 86 (1987); *Corp. Presiding Bishop CJC of LDS v. Purcell,* 117 D.P.R. 714, 720 (1986).

El Tribunal Supremo de Puerto Rico ha advertido, sin embargo, que la sentencia sumaria sólo procede en

casos claros cuando el Tribunal tiene ante sí la verdad sobre todos los hechos pertinentes y no hace falta la celebración de un juicio. *Rivera v. Depto. de Hacienda*, 149 D.P.R. 141, 154-155 (1999); *J.A.D.M. v. Centro Com. Plaza Carolina*, 132 D.P.R. 785, 802 (1993).

Si existen dudas sobre la procedencia de la sentencia sumaria, el Tribunal debe brindar a las partes la oportunidad de una vista evidenciaria. Véanse, *S.L.G. v. S.L.G.*, 150 D.P.R. 171, 193 (2000); *Bonilla Medina v. P.N.P.*, 140 D.P.R. 294, 304 (1996); *Rivera et al. v. Superior Pkg., Inc. et al.*, 132 D.P.R. 115, 133 (1992).

Al hacer su evaluación, el Tribunal debe considerar la totalidad de las alegaciones y documentos que obren en el récord, los cuales se toman de la manera más favorable a la parte promovida. *PFZ Props., Inc. v. Gen. Acc. Ins. Co.*, 136 D.P.R. 881, 913 (1994); *Corp. Presiding Bishop CJC of LDS v. Purcell*, 117 D.P.R. a las págs. 721-723.

El peso para demostrar que no existe controversia real sustancial sobre los hechos materiales recae sobre la parte que solicita la sentencia sumaria. *Vera et al. v. Dr. Bravo et als.*, **2004 J.T.S. 40**, a la pág. 745; *Soto v. Rivera*, 144 D.P.R. 500, 518 (1997); *Pilot Life Ins. Co. v. Crespo Martínez*, 136 D.P.R. 624, 632 (1994). El sólo hecho de no presentar evidencia que contravierta la presentada por la parte promovente no implica que necesariamente proceda la sentencia sumaria. *Jusino et als. v. Walgreens*, **2001 J.T.S. 154**, a la pág. 373; *PFZ Props., Inc. v. Gen. Acc. Ins. Co.*, 136 D.P.R. a la pág. 913.

Tiene que haber quedado demostrado que la parte promovida no tiene derecho alguno bajo cualquier circunstancia discernible de las alegaciones que no hayan sido refutadas. *Asoc. Pesc. Pta. Figueras v. Pto. del Rey*, 155 D.P.R. ___ (2002), **2002 J.T.S. 4**, a la pág. 583.

La moción debe ser evaluada de la forma más favorable a la parte que se opone a la solicitud de sentencia sumaria y toda inferencia que se haga a base de los hechos y documentos presentados, debe ser interpretada de manera favorable a dicha parte. *Mgmt. Adm. Servs. Corp. v. E.L.A.*, 152 D.P.R. 599, 610-611 (2000).

El Tribunal Supremo de Puerto Rico también ha observado que existen ciertos tipos de litigios y controversias que por su naturaleza, resultan inapropiados para ser adjudicados por la vía sumaria. Entre éstos se encuentran las controversias que envuelven elementos subjetivos de intención, negligencia y propósitos mentales. *Vera et al. v. Dr. Bravo et als.*, **2004 J.T.S. 40**, a la pág. 745; *Rosario v. Nationwide Mutual*, 158 D.P.R. ___ (2003), **2003 J.T.S. 34**, a las págs. 641-642; *Piñero v. A.A.A.*, 146 D.P.R. a la pág. 904.

En particular, el Tribunal ha advertido que, en casos laborales, no resulta apropiada la adjudicación sumaria de la controversia, cuando existe controversia sobre la verdadera motivación de un patrono para el despido de un empleado. *Jusino et als. v. Walgreens*, **2001 J.T.S. 154**, a la pág. 374; *Acevedo v. Western Digital Caribe, Inc.*, 140 D.P.R. 452, 469 (1996); *Soto v. Hotel Caribe Hilton*, 137 D.P.R. a la pág.; *Rodríguez Meléndez v. Sup. Amigo, Inc.*, 126 D.P.R. 117, 135 (1990).

Debe recordarse que el procedimiento de sentencia sumaria no permite que el Tribunal dirima cuestiones de credibilidad. *Sucn. Maldonado v. Sucn. Maldonado*, 166 D.P.R. ___ (2005), **2005 J.T.S. 172**, a la pág. 450.

En la situación de autos, Centennial alega que la recurrida carece de causa de acción en su contra.

Es evidente, sin embargo, que la recurrida cuenta, cuando menos, con un caso *prima facie* contra Centennial por su despido injustificado.

Centennial aduce que el despido de la recurrida resultaba necesario debido a que ésta no aceptaba retornar a su plaza y porque la situación personal de la recurrida ponía en riesgo la seguridad y buena marcha de la

empresa.

No está claro, sin embargo, que el hecho de que el compañero consensual de la recurrida se hubiera visto envuelto en hechos de sangre, hubiera conllevado peligro real alguno hacia la empresa. El peso para establecer lo anterior, según hemos visto, le corresponde a Centennial.

No pensamos que la Ley 80 permita que un patrono pueda despedir a un empleado a base de una mera apreciación subjetiva del patrono de que, por alguna situación personal, el empleado puede afectar la buena marcha de la empresa. Se requiere que este tipo de juicio sea razonable y que se justifique de manera concreta. Véanse, *Rivera v. Pan Pepín, Inc.,* **2004 J.T.S. 68**, la pág. 947; *Srio. del Trabajo v. G.P. Inds., Inc.,* 153 D.P.R. a la pág. 243.

En el caso de autos, por ejemplo, no surge que Centennial hubiera recibido amenazas por parte de terceras personas contra la recurrida, que dieran base a temer que la presencia de ésta en la empresa podía ocasionar perjuicio a sus clientes. Centennial tampoco advirtió previamente a la recurrida, según lo requiere la Ley, que este tipo de situación podía conllevar su despido.

Centennial aduce que su decisión de despedir a la recurrida se debió a que ésta no aceptó regresar a su posición. No obstante, existe controversia sobre este asunto.

Este tipo de discrepancia no debe ser adjudicada sumariamente. *Jusino et als. v. Walgreens,* **2001 J.T.S. 154**, a la pág. 374; *Acevedo v. Western Digital Caribe, Inc.,* 140 D.P.R. a la pág. 469; *Soto v. Hotel Caribe Hilton,* 137 D.P.R. a la pág. 301; *Rodríguez Meléndez v. Sup. Amigo, Inc.,* 126 D.P.R. a la pág. 135.

La recurrida alega, en este sentido, que la empresa la despidió simplemente por un prejuicio generalizado contra toda persona asociada, como ella, a un presunto criminal. La recurrida plantea que esto constituye un discrimen por su condición social, que está prohibido por la Ley 100.

El argumento de la recurrida encuentra apoyo, en parte, en el voto de varios de los jueces del Tribunal Supremo de Puerto Rico en *Rosario v. Toyota,* 166 D.P.R. ___ (2005), **2005 J.T.S. 159**. Aunque la sentencia no constituye un precedente obligatorio, ni se ha adoptado, como tal, la norma sugerida por algunos de los miembros del Tribunal Supremo, entendemos que, a la luz del debate existente, el Tribunal de Primera Instancia podía considerar que el planteamiento de la recurrida no debe ser desestimado de su faz, según pretende Centennial, sino que la controversia debe ser adjudicada a base de un récord más completo.

Existiendo controversia sobre el verdadero motivo para el despido, no pensamos que el Tribunal de Primera Instancia hubiera abusado de su discreción al negarse a dictar sentencia sumaria en este caso.

Según hemos visto, el Tribunal Supremo de Puerto Rico ha advertido a los abogados que, en los casos presentados bajo el trámite sumario de la Ley 2, la continuidad de los procedimientos no debe ser interrumpida mediante la presentación de recursos como el de autos. *Alfonso Brú v. Trane Export, Inc.,* **2001 J.T.S. 132**, a la pág. 141; *Ruiz v. Col. San Agustín,* 152 D.P.R. a la pág. 232; *Dávila, Rivera v. Antilles Shipping, Inc.,* 147 D.P.R. a las págs. 497-498.

Para muchos letrados, dicha advertencia ha caído en oídos sordos.

Por los fundamentos expresados, se deniega el auto solicitado.

Lo pronunció el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Laura M. Vélez Vélez
Secretaria del Tribunal de Apelaciones