ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL XII

| JEAN C. RIVERA REYES **RECURRIDA** v. NGP CARIB, LLC HNC LA GUIRA RESTAURANT **RECURRENTE** | KLRA202400577 | Revisión administrativa procedente del Departamento del Trabajo y Recursos Humanos Caso Núm. AC-24-083 Sobre: DESPIDO INJUSTIFICADO (LEY 80) |
|---|---|---|

Panel integrado por su presidenta, la Jueza Grana Martínez, el Juez Candelaria Rosa, la Jueza Rivera Pérez y la Jueza Díaz Rivera.

Grana Martínez, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 16 de diciembre de 2024.

La recurrente, NGP Caribe, LLC, solicita que revoquemos la *Resolución y Orden* en la que la Oficina de Mediación y Adjudicación del Departamento de Trabajo, anotó la rebeldía en su contra y resolvió sumariamente a favor del querellante. Esto como parte de una reclamación contra el apelante por despido injustificado.

El recurrido, Jean C. Rivera Reyes, presentó su oposición al recurso.

Con la comparecencia de ambas partes, procedemos a resolver.

**I.**

Jean C. Rivera Reyes, en adelante recurrido, presentó una querella contra NGP Caribe, LLC h/n/c La Güira Restaurant, en adelante NGP Caribe o recurrente, en la que reclamó una indemnización por despido injustificado de $4,375.70.[1] Esto, al amparo de la Ley Núm. 80 de 30 de mayo de 1976, según enmendada, mejor conocida como *Ley de Indemnización por Despido*

---

[1] Apéndice I del *Recurso de Revisión*, págs. 1-9.

Número Identificador

SEN2024_____

*Injustificado*, 29 LPRA sec.185(a) *et seq.* La querella fue presentada ante la Oficina de Mediación y Adjudicación del Departamento de Trabajo, en adelante la OMA, a través del procedimiento establecido mediante la Ley Núm. 384 de 17 de septiembre de 2004, Ley para crear la Oficina de Mediación y Adjudicación del Departamento del Trabajo. En específico, el recurrido expuso que el despido fue injustificado, ya que nunca fue amonestado en sus funciones como mesero, *bartender* o supervisor.[2] A su vez, alegó que su trabajo siempre fue de excelencia y exhortó a examinar su expediente personal para confirmar dicho hecho.[3] También se incluyó en dicha querella una hoja de Cómputos de Reclamaciones sobre Despido Injustificado, expedida por el Departamento del Trabajo y Recursos Humanos, la cual incluye un desglose del periodo cubierto y la compensación legal a pagarse.[4]

El 20 de junio de 2024, mediante correo certificado, el Foro Administrativo remitió a NGP Caribe copia de la *Notificación de Querella y Vista Administrativa*, pautada para el 4 de septiembre de 2024.[5] De igual forma, ese mismo día se notificó al representante legal del recurrente, el Lcdo. Kenmuel J. Ruiz López. En la referida notificación, se le apercibió a NGP Caribe que debía presentar su contestación a la querella en el término de diez (10) días o de lo contrario el Juez Administrativo emitiría una resolución en su contra. La OMA asegura que el recurrente recibió la *Notificación de Querella y Vista Administrativa* el 24 de junio de 2024, ya que obra del expediente administrativo la tarjeta de acuse de recibo del servicio postal.[6] Transcurrido el término concedido sin que el recurrente contestara la querella, el 29 de agosto de 2024, la OMA

---

[2] *Íd.*, pág. 6.
[3] *Íd.*
[4] *Íd.*, pág. 9
[5] *Íd.*, págs. 1-4.
[6] Apéndice VI del *Recurso de Revisión,* pág. 94.

dictó una *Resolución Interlocutoria.*[7] Allí, se le apercibió, una vez más a NGP Caribe que debía presentar su contestación a la querella en el término de diez (10) días o de lo contrario se emitiría una resolución en su contra en el que se concedería el remedio solicitado por el recurrido.

Así las cosas, el 3 de septiembre de 2024, el recurrido solicitó mediante *Moción de Anotación de Rebeldía,* que emitiera Resolución, por el recurrente no comparecer al pleito.[8] En contestación, el 4 de septiembre de 2024, mediante *Resolución Interlocutoria y Orden,* la OMA declaró con lugar la petición.[9] Inconforme, NGP Caribe presentó *Moción de Reconsideración, Oposición de Rebeldía y Solicitud de Vista Administrativa Urgente.*[10] En ella alegó, entre otras cosas, que la querella del epígrafe no exponía las razones por las cuales se debía entender que el despido fue injustificado. Añadió que, cursó extensa documentación al Negociado de Seguridad en el Empleo para sustentar las razones del despido y que, además, demostraban que éste nunca había desatendido el pleito en sus méritos.

Finalmente, el 2 de octubre de 2024, mediante *Resolución y Orden,* la OMA rechazó la petición de NGP Caribe y declaró con lugar la querella a favor del recurrido.[11] En síntesis, dicho foro expuso que la documentación provista por el recurrente era de un trámite ajeno, distinto e independiente a la querella de epígrafe. Ello así, razonó que al NGP Caribe no presentar sus alegaciones de forma oportuna, procedía anotar la rebeldía y resolver de manera sumaria con las alegaciones de la querella y la hoja de Cómputos de Reclamaciones.

El 15 de octubre de 2024, NGP Caribe presentó *Recurso de Revisión Administrativa* en el que señaló los siguientes errores:

---

[7] Apéndice II del *Recurso de Revisión*, págs. 10-11.
[8] Apéndice III del *Recurso de Revisión*, págs. 12-15.
[9] Apéndice V del *Recurso de Revisión*, págs. 90-91.
[10] Apéndice IV del *Recurso de Revisión*, págs. 16-89.
[11] Apéndice VI del *Recurso de Revisión*, págs. 92-113.

**Primer Error:** Erró la Oficina de Mediación y Adjudicación del Departamento del Trabajo y Recursos Humanos al notificar una Querella que no contiene alegaciones de hechos constitutivos de un despido injustificado, violando así el Debido Proceso de Ley que le asiste a NGP Caribe y privando a la OMA de dictar una resolución sumaria.

**Segundo Error:** Erró la Oficina de Mediación y Adjudicación del Departamento del Trabajo y Recursos Humanos al conceder los remedios solicitados sin la celebración de vista, luego de establecer que la misma no sería dejada sin efecto.

## II.

### A.
### *Revisión Judicial*

La Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico, Ley Núm. 38-2017, 3 LPRA sec. 9601 *et seq.*, en adelante la LPAU, establece un procedimiento uniforme para la revisión judicial de órdenes y resoluciones dictadas por las agencias administrativas de Puerto Rico. En virtud de dicha ley, una parte que haya sido afectada adversamente por una orden o resolución final de una agencia y que haya agotado todos los remedios administrativos disponibles, podrá presentar un recurso de revisión ante el Tribunal de Apelaciones dentro de un término de treinta (30) días contados a partir de la fecha de archivo en autos de copia de la notificación de la orden o resolución final de la agencia. 3 LPRA sec. 9672. Conforme dispone la LPAU, sus disposiciones son aplicables a aquellas órdenes, resoluciones y providencias adjudicativas finales dictadas por agencias o funcionarios administrativos a ser revisadas por el Tribunal de Apelaciones mediante recurso de revisión, con excepción de las dictadas por el Secretario de Hacienda con relación a las leyes de rentas internas del Gobierno de Puerto Rico, y aquellas del Centro de Recaudación de Ingresos Municipales (CRIM) con relación a las deficiencias, tasaciones e imposiciones contributivas de la Ley sobre la

Contribución sobre la Propiedad Mueble e Inmueble. Véase, 3 LPRA sec. 9671.

Cónsono con lo anterior, el Reglamento del Tribunal de Apelaciones, 4 LPRA ap. XXII-B, establece que, solo serán revisables aquellas determinaciones administrativas de una agencia que sean finales. La Regla 56 del Reglamento dispone que:

> Esta parte gobernará el trámite de las revisiones de todos los recursos instados ante el Tribunal de Apelaciones para la revisión de las decisiones, los reglamentos, las órdenes, las resoluciones y las providencias finales dictadas por organismos o agencias administrativas o por sus funcionarios o funcionarias, ya sea en su función adjudicativa o cuasi legislativa, conforme lo dispuesto en ley. Regla 56 del Reglamento del TA.

De igual manera, el Reglamento Núm. 7019, conocido como Reglamento de Procedimientos de Mediación y Adjudicación, de OMA, también especifica que el procedimiento de revisión ante el Tribunal de Apelaciones aplica solamente a determinaciones finales. Dicho reglamento en su Regla 7, dispone en lo pertinente que:

> La parte adversamente afectada por una orden o resolución final de la OMA podrá presentar una solicitud de revisión ante el Tribunal de Apelaciones del Estado Libre Asociado de Puerto Rico, dentro de un término de treinta (30) días contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final de la OMA[...].

**B.**
***Ley de Procedimiento Sumario de Reclamaciones Laborales***

La Ley 384-2004, 3 LPRA sec. 320 *et seq*, creó la Oficina de Mediación y Adjudicación (OMA) como una subdivisión del Departamento de Trabajo y Recursos Humanos con facultad para conciliar y adjudicar controversias obrero-patronales bajo distintas leyes. Siendo una de estas leyes, la Ley Núm. 80-1976, *supra, Ley de Indemnización por Despido Sin Justa Causa.*

Ahora bien, tratándose la controversia ante nos de una resolución sumaria, es preciso discutir la Ley Núm. 2-1961, 32 LPRA sec. 3118 *et seq.*, conocida como la *Ley de Procedimiento Sumario de*

*Reclamaciones Laborales.* Esta viabiliza un proceso sumario de reclamación laboral en los casos que un obrero o empleado tuviere que reclamar de su patrono cualquier derecho o beneficio, o cualquier suma por concepto de compensación por trabajo o labor realizados para dicho patrono, o por compensación en caso de que dicho obrero o empleado hubiere sido despedido de su empleo sin causa justificada. *Íd.*

El procedimiento dispuesto en la Ley Núm. 2, *supra,* se distingue por la celeridad con la cual deben llevar a cabo los procesos judiciales. Véase, *Reyes Berríos v. Estado Libre Asociado de Puerto Rico,* 2024 TSPR 53; *León Torres v. Rivera Lebrón,* 204 DPR 20 (2020).

Con dicho objetivo, en el pasado, se alteró para acortar algunos términos y condiciones provistas en nuestro ordenamiento procesal y se limitó el uso de ciertas reglas procesales. *León Torres v. Rivera Lebrón, supra,* pág. 31. Véase, además, *Rivera v. Insular Wire Products Corp.,* 140 DPR 912, 928 (1996). La misma Ley Núm. 2, *supra,* establece que las Reglas de Procedimiento Civil, 32 LPRA Ap. V*, et seq.,* aplicarán supletoriamente en todo aquello que no esté en conflicto con sus disposiciones o proceso sumario. 32 LPRA sec. 3120. Esto así, ya que el procedimiento sumario es el recurso principal que posee el trabajador "para la implantación de la política pública del Estado de proteger el empleo, desalentando el despido sin justa causa y proveyendo al obrero así despedido, los medios económicos para la subsistencia de éste y de su familia, en la etapa de transición entre empleos". *Medina Nazario v. McNeil Healthcare LLC,* 194 DPR 723, 732 (2016) citando a *Rivera v. Insular Wire Products Corp., supra,* pág. 923. Véase, además, *Izagas Santos v. Family Drug Center,* 182 DPR 463, 480 (2011); *Mercado Cintrón v. Zeta Com., Inc.,* 135 DPR 737, 742 (1994).

Para adelantar el propósito de que estos casos se tramiten con la máxima celeridad, al tomar en cuenta la disparidad económica entre el patrono y el trabajador, la Ley Núm. 2, *supra*, dispuso:

> (1) términos cortos para la contestación de la querella presentada por el obrero o empleado; (2) criterios para la concesión de una sola prórroga para contestar la querella; (3) un mecanismo para el emplazamiento del patrono querellado; (4) el procedimiento para presentar defensas y objeciones; (5) criterios para la aplicación de las Reglas de Procedimiento Civil; (6) una limitación específica sobre el uso de los mecanismos de descubrimiento de prueba; (7) una prohibición específica de demandas o reconvenciones contra el obrero o empleado querellante; (8) la facultad del tribunal para dictar sentencia en rebeldía cuando el patrono querellado no cumpla con los términos provistos para contestar la querella, y (9) los mecanismos para la revisión y ejecución de las sentencias y el embargo preventivo. *Reyes Berríos v. Estado Libre Asociado de Puerto Rico, supra,* pág. 3 citando a *Rivera v. Insular Wire Products Corp.*, *supra,* pág. 923-924.

En armonía con la naturaleza sumaria del proceso dispuesto en la Ley Núm. 2, *supra,* ésta dispone en cuanto a la notificación que:

> [Se] notificará a la parte querellada con copia de la querella, apercibiéndole que deberá radicar su contestación por escrito, con constancia de haber servido copia de la misma al abogado de la parte querellante o a ésta si hubiere comparecido por derecho propio, **dentro de diez (10) días después de la notificación**, si ésta se hiciere en el distrito judicial en que se promueve la acción, y dentro de quince (15) días en los demás casos, **y apercibiéndole, además, que si así no lo hiciere, se dictará sentencia en su contra, concediendo el remedio solicitado, sin más citarle ni oírle**. Solamente a moción de la parte querellada, la cual deberá notificarse al abogado de la parte querellante o a ésta si compareciere por derecho propio, en que se expongan bajo juramento los motivos que para ello tuviere la parte querellada, podrá el juez, si de la faz de la moción encontrara causa justificada, prorrogar el término para contestar. **En ningún otro caso tendrá jurisdicción el tribunal para conceder esa prórroga.** 32 LPRA sec. 3121. (Énfasis nuestro).

En específico con la controversia del caso, la Ley Núm. 2, *supra,* también contempla los escenarios en que el querellado se encuentre en rebeldía:

> Si el querellado radicara su contestación a la querella en la forma y en el término dispuestos en la

sec. 3120 de este título, el juicio se celebrará sin sujeción a calendario a instancias del querellante, previa notificación al querellado.

Si el querellado no radicara su contestación a la querella en la forma y en el término dispuestos en la sec. 3120 de este título, **el juez dictará sentencia contra el querellado, a instancias del querellante, concediendo el remedio solicitado. La sentencia a esos efectos será final y de la misma no podrá apelarse.**

Si ninguna de las partes compareciere al acto del juicio, el tribunal pospondrá la vista del caso; si compareciere sólo el querellado, a instancias de éste, el tribunal desestimará la reclamación, pero si sólo compareciere el querellante, el tribunal a instancias del querellante dictará sentencia contra el querellado concediendo el remedio solicitado. En uno u otro caso, la sentencia será final y de la misma no podrá apelarse.

Se dispone, no obstante, que **la parte afectada por la sentencia dictada en los casos mencionados en esta sección podrá acudir mediante auto de certiorari al Tribunal de Apelaciones, en el término jurisdiccional de diez (10) días siguientes a la notificación de la sentencia para que se revisen los procedimientos exclusivamente.** 32 LPRA sec. 3121. (Énfasis nuestro).

### C.
### *Reglamento de Procedimientos de Mediación y Adjudicación*

El Departamento del Trabajo y Recursos Humanos tiene como política pública el utilizar mecanismos complementarios al sistema judicial para resolver conflictos obrero-patronales con el fin de impartir justicia y preservar la paz laboral. Véase, Regla 1.1 del Reglamento Núm. 7019, *supra.* Este reglamento busca asegurar la solución justa, rápida y económica de las querellas presentadas ante el Negociado de Normas del Departamento del Trabajo y Recursos Humanos. Véase, Regla 1.3(a) del Reglamento Núm. 7019, *supra.* Así, pues, es éste el que aplicará a las controversias laborales, iniciadas ante dicho Departamento.

En cuanto al procedimiento adjudicativo, la OMA notificará por escrito a los querellados copia de la querella presentada. Regla 5.4 del Reglamento Núm. 7019, *supra.* En específico, notificará personalmente o por correo certificado, la fecha, hora y lugar en que

se celebrará la vista adjudicativa. *Íd.* A su vez, dicha notificación contendrá una *Orden* al querellado en el que advertirá que tiene que contestar la querella en el término de diez (10) días y le apercibirá de que, en caso de incumplimiento, se podrá dictar resolución u orden concediendo el remedio solicitado sin más citarle ni oírle. *Íd.*

Ahora bien, la Regla 5.5 del Reglamento Núm. 7019, *supra,* dispone que la parte querellada podrá solicitar una prórroga para presentar su contestación, pero solo si posee razón justificada para ello. No obstante, lo anterior, toda solicitud de prórroga deberá ser presentada dentro del mismo término de diez (10) días y deberá ser juramentada por la persona, representante u oficial autorizado que solicita la prórroga. En ese sentido, la Regla 5.6 del Reglamento 7019, *supra,* establece el resultado de que la parte querellada no presente su contestación dentro del término dispuesto y tampoco solicite prórroga para ello. Allí, "el Juez Administrativo emitirá resolución contra el querellado a instancia del querellante concediendo el remedio solicitado y esta resolución será final, disponiéndose que podrá recurrir al Tribunal dentro de los diez (10) días siguientes a la notificación de la resolución." *Íd.*

**III.**

NGP Caribe alega que erró la OMA al dictar una resolución sumaria a favor del recurrido. Según NGP Caribe, dicho foro violó el debido proceso de ley al resolver con alegaciones que no fueron suficientes para establecer un despido injustificado. Añadió que no era posible conceder los remedios solicitados en la querella, sin antes celebrar una vista.

No le asiste la razón. Según reseñamos, la Ley Núm. 2, *supra,* acorta términos y condiciones provistas en nuestro ordenamiento procesal. De manera que, únicamente se aplicarán las Reglas de Procedimiento Civil, *supra,* de forma supletoria en todo aquello que no esté en conflicto con las disposiciones de la Ley Núm. 2, *supra.*

Esto así, es claro que la Ley Núm. 2 y el Reglamento Núm. 7019 disponen específicamente que el foro sentenciador podrá dictar sentencia concediendo el remedio solicitado después de transcurridos los diez (10) días de la notificación y no habiendo solicitud de prórroga. Nótese, que la Ley y el Reglamento no imponen como obligación la celebración de una vista antes de resolver sumariamente. Así pues, contrario a lo argumentado por el recurrente, la OMA no violó su debido proceso de ley al no celebrar una vista antes de dictar la resolución en rebeldía.

Como es sabido, la consecuencia de una anotación de rebeldía es que se dan por admitido los hechos correctamente alegados. *Ruiz v. Col. San Agustín*, 152 DPR 226, 236 (2000). En este caso, la OMA entendió que las alegaciones sobre despido injustificado contenidas en la querella y la hoja de Cómputos de Reclamaciones tenían la especificidad suficiente para resolver sumariamente y calcular la compensación del recurrido. Pese a que las alegaciones son sucintas, no nos queda duda que las mismas son suficientes para conceder el remedio solicitado, sin la celebración de una vista en rebeldía. Cónsono con la normativa, estos casos deben resolverse con la premura que ameritan, al tomar en cuenta la disparidad económica entre el patrono y el trabajador.

**IV.**

Habiendo evaluado que los procesos contra NG Caribe se llevaron a cabo conforme la ley y reglamentación aplicable confirmamos la *Resolución y Orden* recurrida.

Lo acordó el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

**Notifíquese inmediatamente.**

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones